# WHEELING.

## ENOCH *v*. MINING AND PETROLEUM CO.

Submitted June 26, 1883—Decided December 20, 1883.

1. Special replications, except under our statute where the answer is in the nature of a cross-bill seeking affirmative relief, to either an answer or a plea in equity are not allowed. The plaintiff can be relieved only according to the form and substance of his bill. If the defendant by plea or answer sets up matter which the plaintiff desires to avoid he may do so by an amended or supplemental bill, but not by a special replication. (p. 317.)

2. Under no circumstances is a plaintiff entitled to recover a sum in excess of that alleged in his bill and the interest thereon. The averment of his demand is as essential as the proof of it, and both must concur to entitle him to relief. (p. 317.)

The facts of the case are stated in the opinion of the Court.

*V. B. Archer* for appellant.

*Leonard & Caldwell* for appellee.

SNYDER, JUDGE:

Attachment suit in equity brought April 5, 1879, by I. L.

Enoch against the Livingston, Ontario and Greaves Run
Mining and Petroleum Company, a foreign corporation, to
attach and subject a tract of land of two hundred and seven
acres in Wirt county to the payment of an account of two
hundred and thirty-five dollars alleged to be due the plaintiff
from the defendant. The plaintiff filed his bill, made his
affidavit and sued out an attachment for said sum, and the at-
tachment was levied on said land as the property of the de-
fendant. The defendant appeared and answered the bill and also
filed a plea of the statute of limitatations averring therein that
the plaintiff's alleged causes of action did not, nor did any of
them accrue to him within five years next before the commence-
ment of this suit. The plaintiff replied generally to said
answer and plea and to the latter he also filed two special
replications: The first avers that the defendant was a for-
eign corporation and non-resident of this State when the
plaintiff's several causes of action accrued to him; and the
second avers that the contract, under which the services were
rendered and money paid by the plaintiff as stated in his bill,
was made and said services rendered and money paid in
Wirt county this State, and that "the defendant by the fore-
going and other indirect ways and means has obstructed the
prosecution of repliant's right." To neither of these repli-
cations was there any conclusion or rejoinder. Depositions
and other proofs were filed by the plaintiff and defendant.
The cause was heard on June 10, 1880, and the court rejected
the defendant's plea of the statute of limitations and decreed
that the plaintiff recover from the defendant three hun-
dred and eighty-two dollars and twenty cents and costs. It
also decreed that unless said debt and costs were paid in
thirty days the attached property should be sold to pay the
same. From this decree the defendant appealed.

The plaintiff alleges in his bill that the defendant em-
ployed him in the year 1868, as its agent to look after, rent,
pay the taxes on, and otherwise protect and care for, its said
two hundred and seven acres of land in Wirt county; that
he acted as such agent for the defendant from that time to
January 1, 1879; that he has charged for his services twenty-
five dollars a year, and that there is now due him from the
defendant two hundred and thirty-five dollars, with interest

thereon from January 1, 1879, till paid.  The sum here stated is the precise amount claimed in his affidavit, and for which his attachment issued.  The plaintiff, however, filed in the cause the following account:

"THE LIVINGSTON & ONTARIO AND GREAVES RUN MINING
AND PETROLEUM COMPANY.

| To I. L. ENOCH, | | DR. |
|---|---|---|
| To services as agent of said company in taking care of lands and renting same, paying taxes, &c., from January 1, 1868, to January 1, 1879, 11 years, at $25 per year............................................................ | $275 | 00 |
| Credit by rents ........................................ | 40 | 00 |
| | | |
| Bal. due Enoch for work and labor, &c.................. | $235 | 00 |
| For taxes and interest.......................................... | 147 | 20 |
| | | |
| Bal. due June 10, 1880 .........................................  | $382 | 20" |

The defendant avers in its answer, that it only authorized the plaintiff to act as its agent to receive the rents and therefrom pay the taxes on its lands; that it expressly informed the plaintiff that if he could not collect sufficient rents to pay him for his trouble and the taxes on the land to have nothing to do with it; that the plaintiff has received rents for an amount greatly in excess of a sum sufficient to pay said taxes and a reasonable compensation for his services; and that he refuses to account for the same.

The proof tends strongly to establish that the employment of the plaintiff was of the character alleged by the defendant; and while it also tends to show that the plaintiff's services were worth twenty-five dollars a year, it likewise shows that the rents of the land actually received by the plaintiff, or which might have been received by him with proper care and diligence, were sufficient, or nearly so, at least, to have satisfied all taxes on the land and paid him for his services. But I do not deem it necessarry to consider the evidence further as the decree of the circuit court will have to be reversed on other grounds.

The plaintiff was employed from year to year and has so charged the defendant in his account.  He was, therefore, entitled to be paid at the end of each year for that year's services—*Hopkins* v. *Hopkins*, 4 Strobh. Eq. 207.  His account,

as charged and allowed by the circuit court, commenced January 1, 1868, and this action was commenced April 5, 1879, consequently, the greater part of the plaintiff's action arose more than five years before his action was brought. The defendant was, therefore, as to such part, entitled to rely on his plea of the statute of limitations, and the court erred in rejecting said plea unless it was avoided by the plaintiff's special replications. The fact, alleged in said first replication, that the defendant was a non-resident at the time the plaintiff's causes of action accrued did not prevent the statute from running, because the replication did not also aver, that the defendant had before that time resided in this State, and by departing without the same had obstructed the prosecution of the plaintiff's right—sec. 18 chap. 104 Code, p. 550. This replication was, therefore, immaterial. The second does not aver any fact to show that the defendant did by any manner or means obstruct the plaintiff in the prosecution of his claim. It states simply a legal conclusion. Both these replications are fatally defective in form and substance. But if they had been sufficient in every respect they could not have availed the plaintiff. Special replications except where, under our statute, the answer is in the nature of a cross-bill seeking affirmative relief, to either an answer or a plea in equity are not allowed. The plaintiff is to be relieved, if at all, according to the form and substance of his bill. If the defendant by plea or answer sets up matter which the plaintiff desires to confess and avoid, if his bill has not been so framed by anticipation as to put such matter in issue, he can only put it in issue by obtaining leave to amend his bill or by filing a supplemental bill, and he can not do so by special application. *James* v. *McKernon*, 6 Johns. R. 543, 564; Mitf. & Tyler, Pl. & Pr. in Eq. 412; Story's Eq. Pl. § 257; *Vanbibber* v. *Beirne*, 6 W. Va. 168, 181; *Jackson* v. *Hull*, 21 Id. 601.

The court, therefore, erred in rejecting the defendant's plea of the statute of limitations. It was also gross error to decree in favor of the plaintiff three hundred and eighty-two dollars and twenty cents when he only claimed in his bill and attachment two hundred and thirty-five dollars, with interest from January 1, 1879. A plaintiff can under no circum-

stances recover a sum in excess of that claimed in his bill and the interest thereon.    He is no more entitled to recover without the proper averment of the amount in his bill than he would be without proof of such averment if properly made.    The one is as essential as the other, and both must concur or relief cannot be granted.    *Pusey·* v.    *Gardner*, 21 W. Va. 469.

For the foregoing reasons the decree of the circuit court must be reversed; and the cause is remanded.

Reversed.    Remanded.