# CHARLESTON.

## Dawson *v*. Hemelrick.

Submitted January 17, 1890.—Decided March 10, 1890.

1. ADMINISTRATOR—SETTLEMENT OF ACCOUNTS.
   In a suit in equity brought to enforce the settlement of the accounts of an administrator, such administrator, in order to obtain credit for amounts paid out by him, must not only show that such amounts were paid by him, but that they were paid on debts for which the estate of his intestate was liable.

2. ADMINISTRATOR—SETTLEMENT OF ACCOUNTS—WITNESS.
   A party, to whom the administrator pays a debt which is claimed to exist against the estate of his intestate, and from whom he receives a voucher and derives title as administrator to such claim, is not a competent witness to prove such claim a valid debt against said estate under section 23, chapter 130, of the Code

*G. H. Umstead* for appellant.

*W. G. Snodgrass* for appeelees.

English, Judge:

On the 30th day of June, 1871, Stephen Sole, a resident of Wetzel county, died intestate, leaving, surviving him, his widow, Nancy Sole, and an only daughter, named Elmina, who subsequently intermarried with Andrew J. Dawson; and on the 24th day of March, 1887, said Elmina and her husband, aforesaid, brought a suit in equity in the Circuit Court of said county against Amos Hemelrick, administrator of the estate of Stephen Sole, deceased, to compel a settlement of his account as such administrator, and in their bill they allege that at the time of his death said Stephen Sole was possessed of a large amount of personal property, aggregating near $1,000.00, principally in notes held by him against one George Sole for purchase-money for a tract of land in said county; that on the 15th day of March, 1872, the said Amos Hemelrick was, by the recorder of Wetzel county, appointed the administrator of said estate of Stephen Sole, deceased, and took into his possession the personal property belonging to said estate, but failed to file in the proper office of said county an appraisement list showing the property which came into his hands, or a sale list thereof, and that the records of the county show nothing in relation to his administration affairs except the record of his appointment, for which reason they can not state accurately the amount with which said administrator is chargeable, and that he has never made any settlement of his account, either with any court having jurisdiction to make such settlement, or with the complainant Elmina Dawson, who is the only person now entitled to receive the money due from him; but that he has repeatedly refused to settle in any manner, although a large amount of money remains due from him; that Nancy Sole, the widow of Stephen Sole, died on the 31st of August, 1883, and that the said Elmina Dawson is now about twenty three years of age, she having been born November 27, 1864; and they pray that said administrator may be required to state fully in his answer all his transactions as administrator of said Stephen Sole, deceased, and also file therewith a full list of all the personal property of

which said decedent died possessed, and make a complete settlement of his account as such administrator, and that the female plaintiff be decreed the amount due on such settlement against said administrator.

On the 24th day of September, 1887, the defendant filed a demurrer to plaintiff's bill, in which the plaintiffs joined, and the same being duly considered, was overruled by the court; and on the 26th day of September, 1887, Frank D. Young, one of the commissioners of the court, was directed to make, state, and report a settlement of the account of said Amos Hemelrick as administrator of the estate of Stephen Sole, deceased.

The defendant, Amos Hemelrick, on the 31st day of January, 1888, filed his answer to the plaintiff's bill, in which he denies that personal property aggregating near $1,000.00 came into his hands as such administrator of Stephen Sole, deceased, in money, notes, or any other kind of property; but states what notes and personal property did come into his hands as such administrator. He also states that on the 21st day of May, 1872, he filed an appraisement bill with the clerk of the county court of Wetzel county, and exhibited a copy thereof with his answer. He also claims that, as the administrator of said estate, he paid out and disbursed large sums of money in payment of the just debts of his decedent, and just charges against said estate, some of which he specifies and enumerates. He further alleges that, sometime before the plaintiff Elmina Sole, now Elmina Dawson, became of full age, he had an accounting and settlement in full of the interest due the plaintiff in the estate of Stephen Sole, deceased, as his heir at law, with John McGlumphrey, who was then and there the guardian of the plaintiff; and on said settlement the sum of $58.20 was found due to the said Elmina Dawson as the heir at law of Stephen Sole, deceased, and gave to said guardian his note for said amount, who gave said note to her when she came of full age; which note he has since paid in full to her, but that said note has been lost, and he denies that he is indebted to her, as such administrator, in any sum.

Depositions were taken by both plaintiffs and defendant in the matter of account referred to said commissioner, and

on the 7th day of January, 1888, said commissioner returned his report, in which he found a balance due plaintiff Elmina Dawson, as distributee of said estate, of $375.23; and in doing so he rejected the following claims presented by said defendant, for the reason that, in his opinion, they were not properly proven against the estate of his intestate, to wit: The account of Joseph Sole, (voucher No. 2) dated April 10, 1872, for $28.50, with interest thereon to January 17, 1888, $27.01; the account of George Sole, (voucher No. 4) dated March 10, 1873, for $110.01, with interest to January 17, 1888, $98.01; the account of Hugh McGlumphrey, dated May 8, 1873, for $84.50, with interest to January 17, 1888, $74.02; and the account of James Sole, revenue notice, (voucher No. 10) dated August 31, 1867, $8.00 with interest to January 17, 1888, aggregating $437.71.

This report was excepted to by the defendant on account of the rejection of said claims. Said commissioner then filed a supplementary report, in which he says that, from the additional testimony, the defendant is entitled to credit for voucher No. 2, rejected in his original report, for $28.56, with interest to January 17, 1888, $27.01. Said report was also excepted to by the plaintiff because said administrator was allowed credit for $69.05, commissions on the estate which came to his hands, when he had never made a settlement of his accounts as such administrator, as required by law.

The defendant further excepted to said reports—*first*, because it was not alleged in the bill, and the plaintiffs did not attempt to prove, that the account of George Sole for $110.00, (voucher No. 4) and of Hugh McGlumphrey for $84.50, (voucher No. 5) were not valid claims against the said estate; *second*, because said claims were justly due and owing from said estate of Stephen Sole, and defendant was fully justified, upon the evidence before him, in paying the same; and the commissioner erred in refusing to allow credit to the defendant for the same.

The plaintiffs also excepted to said supplemental report for the following reasons: *First.* The commissioner erred in modifying his former report, in allowing the defendant, Amos Hemelrick, administrator, credit for voucher No. 3,

principal and interest, $55.52, which was rejected in his former report, the voucher being the claim in favor of Joseph Sole; *second*, by basing his calculation on allowing the defendant credit for $69.05, commissions on the estate which came to his hands, and in allowing said commissions, said administrator not having settled his account as required by law; *third*, the commissioner erred in reporting in the hands of said administrator, due the estate of Stephen Sole, deceased, but the sum of $319.66, with interest from January 17, 1888; that the amount in said administrator's hands should have been $319.66, added to the sum of $55.57, for which he is herein allowed credit (being voucher No. 2) added to the further sum of $69.05, for which he was allowed credit in said former report as commissions, aggregating the sum of $444.28; which sum should have been reported in said defendant's hands due said estate, with interest thereon from July 17, 1888.

Upon these exceptions, filed by plaintiffs and defendant, the questions arise which constitute the principal controversy in this cause.

The defendant, it will be seen, in his first exception, says that the defendant claims that the plaintiffs in their bill do not allege, nor do they attempt to prove, the account of George Sole for $110.01, (voucher No. 4) and the account of Hugh McGlumphrey for $84.50, (voucher No. 5) were not valid claims against the estate of Stephen Sole, deceased, and that the commissioner erred in rejecting them. The defendant seems to overlook the fact that, under the pleadings in this case, it is incumbent on him to show how he administered the estate of his intestate, and that his disbursements were legally and properly made. By the bill, he is called upon to make a complete settlement of his accounts as such administrator of said Stephen Sole, deceased, to return a list of the personal property of which said decedent died possessed, and to state fully all of his transactions as such administrator. The bill does not seek to surcharge and falsify the defendant's account; but they allege that at the time the suit was brought he never had settled his account as such administrator, and, while the proofs in the cause may be sufficient to show that said defendant paid the accounts which

appear to have been rejected by the commissioner, and, under the ruling of this Court in the case of *Kyles* v. *Kyle*, 25 W. Va. 376, it is held that an administrator is competent as a witness to prove that he has paid certain sums to the distributees of his decedent's estate, so in this case the defendant, who is administrator as aforesaid, in his deposition, proves the payment of the accounts rejected by the commissioner. But it will be perceived, by reference to the report of said commissioner, that he rejects said claims, not because there is any lack of proof in regard to their payment, but because, in his opinion, they were paid without being proven against the estate of his decedent as required by law.

Now, as to the item of $28.56, and its interest $27.01, the account of Joseph Sole, (No. 2 voucher) which was rejected in the original account of the commissioner, and reported as allowed in his supplemental report, I am of opinion that the said item was proven by the evidence of George Sole as a valid claim against the estate of said Stephen Sole, deceased, and that the commissioner committed no error in allowing the same.

As to voucher No. 4, the account of George Sole, which was rejected by the commissioner, its validity as a debt against the estate of Stephen Sole is only sought to be established by the testimony of George Sole himself, who stated in his deposition that it was justly due at the time it was settled and paid; and this testimony we do not regard as competent, and think that the item was properly rejected by the commissioner. Section 23, c. 130, of the Code provides that "no party to any action, suit, or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or committee of such insane person or lunatic." Now, Amos Hemelrick, the administrator of the estate in Stephen Sole, is a party to this suit, and he is interested

of establishing said voucher No. 4 as a valid debt against said estate; and he derived and acquired all interest that he had in said voucher by reason of having paid it to said George Sole. George Sole, then, is "a person from, through, or under whom" said Hemelrick, as such administrator, who is a party interested in the event of the suit, derived his interest in said voucher No. 4, which was an account against the estate of his intestate, and without which, established as a valid debt against said estate, said administrator could obtain no credit for the amount therein named; and said George Sole, being the party from whom said interest was derived by said administrator, was not, under said section 23, c. 130, of the Code, competent to prove said claim against said estate. And for like reasons the account of Hugh McGlumphrey for $84.50, with interest thereon to January 17, 1888, amounting to $74.02, was properly rejected; the said account having been proved alone by the testimony of said Hugh McGlumphrey, who was, for the reasons above stated, incompetent to testify in regard to the matter.

As to the sum of eight dollars paid the collector of internal revenue, marked "Voucher No. 10," I think it was properly rejected by the commissioner. The administrator files the notice of the collector, dated August 6, 1867, to the effect that the claim was then due; and said administrator testifies that it was paid by James Sole, and he paid it to said James Sole. It however appears that Stephen Sole lived until the 30th day of June, 1871, nearly five years after said claim was collectible; and the administrator, when asked, "How do you know James Sole paid the government the $8.00 shown by paper No. 10, filed by you," answered: "All I know about it is, he presented it to me for redemption. I can't tell the day I paid it. I know I lifted it, and paid it." It does not appear when it was paid, or that it was a valid claim against said estate.

Did the court below commit an error in overruling the demurrer? I see nothing in the case which would authorize such ruling. It is true that the question as to the staleness of the demand arises upon demurrer, but the claim asserted by plaintiffs can not be rejected upon that plea. Stephen Sole died June 30, 1871; and his administrator qualified March

15, 1872, and never made any settlement. Elmina Dawson, the heir and plaintiff, was born November 27, 1864, and became twenty one years of age on November 27, 1885. This suit was brought March 24, 1887—less than two years after her disability was removed. The demurrer appears to have been properly overruled, and the decree complained of must be affirmed; and the appellant, Amos Hemelrick, must pay the costs of this appeal.

AFFIRMED.