# CHARLESTON.

## Briggs *v*. Enslow.

Submitted January 20, 1898—Decided March 30, 1898.

1. Equity Pleading—*Pleas in Bar.*
   A plea which alleges the joint ownership of plaintiff with another in the subject-matter of the suit, which is entirely pecuniary, is not a good plea in bar of a bill in chancery.　(p 501).

2. Equity Pleading—*Answer—Immaterial Allegations.*
   Mere litigious and immaterial allegations in an answer to a bill in chancery need not be replied to, as they do not present a substantial issue for the consideration of the court.　(p. 502).

3. Purchase Money Note—*Assignment—Estoppel by Pleading.*
   Where the maker of a note given for purchase money, in defense of a bill filed by the assignee thereof, claims that the assignor, being the original holder, has not parted with his property therein, but the assignment was made for collection alone, and such assignor, being a party defendant, answers denying any interest in such note, such answer will be regarded as a solemn admission of record conclusively barring any right the assignor may have in such note in so far as such maker is con-

cerned; and it is error to allow such maker to put such admission in issue by filing a special replication to such answer; as it is wholly immaterial.   (p. 502).

4.   PURCHASE MONEY NOTE—*Assignment—Lien.*
    The assignment of a purchase-money note carries with it the lien given in security thereof.   (p. 502).

Appeal from Circuit Court, Cabell County.

Bill by O. P. Briggs against Julia L. Enslow.   From a decree for plaintiff, defendant appeals.

*Affirmed.*

SIMMS & ENSLOW, for appellant.

CAMPBELL, HOLT & CAMPBELL, for appellee.

DENT, JUDGE:

Julia L. Enslow appeals from the decree of the circuit court of Cabell county against her in favor of O. P. Briggs, rendered on the 23d day of July, 1897, and relies on the following errors:   (1) The rejection of her special plea tendered.   (2) The entering up of a decree in favor of the plaintiff on a bill and answer, when the bill should have been dismissed.

The plea is as follows, to-wit:   "The plea of Julia L. Enslow, defendant, to the amended bill of O. P. Briggs, plaintiff, filed in the circuit court of Cabell county:   This defendant, for a plea to said bill, and as to so much thereof as alleges that the said plaintiff is the owner of the lien set up in the said bill and of the note therein described and set out, and as seeks to enforce the lien and payment of the money to the plaintiff, O. P. Briggs, pleads thereto, and says that the said O. P. Briggs is not the owner of said note and lien as set out in said bill and sought to be enforced, but that the same is owned jointly by the said O. P. Briggs and one Sidney R. Mather, and that the amount due on the said note and on the said lien is owned jointly by the said Sidney R. Mather and O. P. Briggs, and not by the said O. P. Briggs, and that the said plaintiff has no right to institute this or any other suit against her in this respect, all which said matters and things this defendant avers and pleads in bar of the said plaintiff's

bill, as hereinbefore particularly mentioned and pleaded, and she prays judgment of this court whether she should be compelled to make any other or further answer to said bill. Julia L. Enslow, by Attys., Simms & Enslow." This plea is not good as a plea in bar, for it admits that the plaintiff has a joint interest with one Sidney R. Mather in the claim sued upon, and therefore he had the right to maintain his suit for whatever interest he had in the claim. Such plea might be good at law, but not in equity. If this plea be true, it might be necessary for Mather to be made either a party plaintiff or defendant, but because Mather may be interested does not bar plaintiff from having his interest ascertained and decreed for, and the court committed no error in rejecting the plea as insufficient. Suppose issue had been joined thereon, and it had been made to appear that Mather owned a one-half interest in the claim, the plaintiff would have had a right to a decree for his interest at least. A joint interest in a mere chose in action, while binding at law, is separable in equity, for the latter is governed by substance rather than form. The joint owner of any such interest could be made either a party plaintiff or defendant. Pom. Rem & Rem. Rights (2d Ed.) § 248. Mather on his own motion appeared, and was made a party defendant, and filed his answer denying any interest in the claim in suit.

The plaintiff, O. P. Briggs, in his bill set up an assignment by Sidney R. Mather of a vendor's lien against the defendant. The defendant, Julia L. Enslow, answered that, notwithstanding his assignment, Mather was still the true owner of the lien. Mather in his answer insisted that he had parted with all interest in the subject-matter of the suit to the plaintiff. To this answer of Mather, which did not pray affirmative relief, the court, over the objection of the plaintiff, allowed his co-defendant, Julia E. Enslow, to file a special replication. This was clearly wrong. She was not plaintiff in the suit, nor was she in any manner impleaded by Mather's answer; hence she had no right to reply to the same. Special replications are only authorized when an answer prays affirmative relief, and in such case they can only be filed by the person against whom such relief is prayed. *Kilbreth* v. *Root's Adm'r.* 33 W. Va., 600

(11 S. E. 21); *Dower* v. *Seeds*, 28 W. Va., 113 ; *Chalfants* v. *Martin*, 25 W. Va., 394 ; *Enoch* v. *Mining Co.*, 23 W. Va., 314. She, not being allowed to file a special, could not file a general, replication to such answer, for she is in no sense a party thereto. Such replication must therefore be deemed mere surplusage.

The answer of appellant does not set up new matter as a basis for or pray affirmative relief, but is simply a denial of the plaintiff's right to recover notwithstanding the assignment, for the reason that defendant Mather is still the real owner of the vendor's lien, and the plaintiff is only the ostensible owner for the purposes of collection. The appellant does not deny the justice of the demand, nor claim any offsets against the same.. The issue, therefore, tendered, was immaterial and litigious, and required no reply ; for the assignor had the right to donate the claim to the plaintiff, and the consideration that passed between them was a perfect matter of indifference to the appellant, if payment to the plaintiff would relieve her from any demand by Mather. *Bently* v. *Insurance Co.*, 40 W. Va. 729, (23 S. E. 584); *Clarke* v. *Hogeman*, 13 W. Va. 718. In addition, a release of lien is filed in the suit as an escrow, and tendered the appellant, which would relieve her from all claim on the part af Mather. Mather also files his answer, in which he solemnly admits that the plaintiff is the true owner of the claim, entitled to receive payment thereof, and denies that he has any interest therein whatsoever. After these admissions, it does not matter to the appellant who is the true owner of the claim, for she is absolutely protected thereby, and the ownership thereof, so far as she is concerned, is wholly immaterial, and presents no issue for the consideration of a court of chancery. Her answer was properly disregarded by the court, as presenting an unsubstantial issue. In the case of *Findley* v. *Findley*, 42 W. Va. 379, (26 S. E. 433), an answer filed after final decree, on motion to correct the same for error, was held to be "a constructual estoppel by conduct *in pais* evidenced by record." Thus the answer of Mather must be considered, and as a complete bar to his ever claiming any portion of the demand in suit in so far as appellant is

concerned. The court committed no error in its decree, and it is affirmed.

*Affirmed.*