# CHARLESTON

CRAWFORD'S ADMR. *v.* TURNER'S ADMR. *et al.*

Submitted September 11, 1905.    Decided January 23, 1906.

1. HEIRS—*Debt of Ancestor—Liability.*

There is no personal liability upon an heir for the debts of his ancestor, but by section 3 of chapter 86, Code, all real estate of any person, as to which he may die intestate, is made assets for the payment of his debts, and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied.  (p. 602.)

2. HEIRS—*Debt of Ancestor—Liability.*

But while the heir is not personally liable for the debts of his ancestor, yet if real estate descend to him from his ancestor, and he sells and conveys the same, he then becomes personally liable to the creditors of his ancestor for the value of the real estate so descended.  (p. 603.)

3. EQUITY—*Jurisdiction.*

Equity has no jurisdiction to entertain a bill on behalf of a general creditor of a deceased person to enforce a purely legal demand, unless it is shown that the creditor has exhausted his legal remedy, or that such remedy, for some sufficient cause, would be inadequate or unavailing.  (p. 603.)

4. DEMURRER—*Bill—Decedent's Property.*

Where a bill in equity is filed by a general creditor against the administrator and heirs of a deceased person, which does not seek to charge the real estate of which the intestate died seized, and to subject the same to the payment of his debts, it is bad on demurrer, if it fails to show that there are assets in the hands of the administrator to be administered.  And if such bill is filed to subject the real estate of such decedent, it must be upon behalf of the plaintiff and all other creditors, and it must appear that the personal property is insufficient to pay the debts.  (p. 603.)

5. EQUITY—*Liability of Heirs.*

An heir may be sued in equity by any creditor to whom a debt is due, for which the estate descended is liable, or for which the heir is liable in respect to such estate.   And no action at law can be maintained against such heir for any matter for which there may be redress by such suit in equity.  (p. 603.)

Appeal from Circuit Court, Jefferson County.

Bill by David Crawford's administrator against William

F. Turner's administrator and others. Decree for plaintiff, and defendant Albert F. Davis appeals.

*Reversed.*

TRAPNELL & MCDONALD, for appellant.
FORREST W. BROWN, for appellee.

SANDERS, JUDGE:

David Crawford died, many years ago, in the county of Prince George, Md., unmarried and without lawful issue, and it was supposed at the time, intestate. After his death, his personal estate was distributed among his nearest of kin, one of whom was William F. Turner, a resident of Jefferson county, in this State. Before the administration of Crawford's estate had been completed, Turner died, and the remainder of his distributive share was paid to his administrator. Some years after the death of Crawford, and after the distribution of his estate, his will, bearing date October 25, 1859, was discovered, and probated in the Orphan's Court of Prince George County, Md., on the 16th of August, 1861. Authenticated copies of the will were recorded in the county of Clarke, Virginia, on the 12th day of December, 1881, and in Jefferson county, this State, on the 20th of October, 1886, on which last named date J. Garland Hurst, sheriff of Jefferson county, qualified as administrator, with the will annexed, of David Crawford, deceased.

Turner was not one of the beneficiaries under the will of Crawford, and in October, 1886, the administrator of Crawford filed a bill in equity in the circuit court of Jefferson county against the administrator and heirs of Turner, and others, to recover the value of certain slaves and moneys, which he, Turner, in his life time, and his administrator after his death, had received from Crawford's estate, under the supposition that he was one of Crawford's distributees.

There are many reasons assigned why the decree of the circuit court should be reversed, but it will only be necessary to review the action of the court in overruling the demurrer to the bill. The bill charges that Turner died intestate, and that his heirs at law are two daughters, Ellen Bierne, wife of John S. Saunders, and Sydney Turner, wife of Daniel

Swan, to whom descended from their father real estate of greater value than the claim sought to be recovered, and it also charges that Ellen Bierne Saunders has property and estate in Jefferson county, consisting of a valuable tract of land. Since the institution of this suit, Ellen Bierne Saunders died testate, and by supplemental bill, her devisees, being her four children, are made parties. And, also, during the pendency of the suit, Nathan S. White, administrator of Turner, departed this life, and Joseph Trapnell qualified as his administrator, with the will annexed, and Albert S. Davis, sheriff of Jefferson county, was appointed administrator d. b. n. of Wm. F. Turner, deceased, and by another supplemental bill, they were brought before the court. While the bill alleges that real estate descended from Turner to his heirs, yet it does not state that this real estate which descended is the land sought to be subjected in this suit, and it does not show where the real estate is situated, whether in the county in which the suit is brought, or not, or if disposed of, what disposition was made of it. It is true it is averred that Ellen Bierne Saunders is the owner of a tract of land, situated in Jefferson county, but it nowhere appears how she became the owner of this land, whether by inheritance from her father, or otherwise. The real estate of any person who dies intestate, by section 3, chapter 86, Code, is made assets for the payment of the decedent's debts, and by section 5, chapter 86, Code, the heir is only made liable to the extent of assets descended, and liable to be subjected to discharge the ancestral obligations, and only then is such heir liable when he has sold the estate. If the assets remain in kind, unsold, there is no liability upon the heir, but the assets are liable to subjection. Is the property which the bill says descended from Turner to his heirs still held by them? If so, it must be subjected, and there is no liability upon the heirs; and if not, and it has been sold by the heirs, the bill must so charge before liability can be fixed upon them. The property of the heirs of Ellen Bierne Saunders, situated in Jefferson county, certainly, under the allegations of the bill, cannot be subjected to the payment of the debts of the ancestor, because it does not appear that this is the land that descended, or that the real estate which did descend to them has been sold or disposed of, and, therefore,

it fails to charge a liability upon the heirs. Section 6, chapter 86, Code, provides that an heir or devisee may be sued in equity by any creditor to whom a debt is due, for which the estate descended or devised is liable, or for which the heir or devisee is liable, in respect to such estate. It will, therefore, be observed if the estate descended or devised is liable to be charged with a debt, the heirs or devisees may be sued in equity, and the particular estate subjected to satisfy the same; but if the estate has been sold by the heir or devisee, then such heir or devisee is liable in respect to such estate to the extent and value of the estate inherited or devised.

This bill not being maintainable to subject the land of the heirs in Jefferson county, for the reasons given, then can it be maintained as a bill of a creditor against the administrator of the estate of Turner? This must be answered in the negative, upon the authority of *Hale* v. *White, et al.*, 47 W. Va. 700: "A general creditor of a deceased person cannot sustain a bill in equity on a purely legal demand, unless he shows that he has exhausted his legal remedy, or that such remedy, for some good cause, would be inadequate or unavailing." Not only is this so, but the bill makes no charge against the administrator, and only asks, in the prayer, for a settlement of his administration accounts. It is not claimed that the administrator has any funds in his hands, whatever, out of which the plaintiff's debt could be paid, nor is the bill filed under section 7, chapter 86, Code, where it is provided that if the personal estate is insufficient for the payment of the debts of the decedent, that a creditor may institute and prosecute a suit on behalf of himself and the other creditors. The bill is not filed on behalf of the plaintiff and the other creditors; it does not charge that the personal estate is insufficient to pay the debts; in short, it says nothing in reference thereto, whether there is, or is not, such estate, and it does not seek to sell real estate of which Turner died seized. But, as has been noted, the bill does aver that real estate descended from Turner to his heirs, but it does not seek to charge and sell this land so descended, but the prayer is to sell the land of the heirs of Ellen Bierne Saunders. In *Hale* v. *White, supra*, the remedies of the creditor of the deceased person

are given as follows: ''(1) An action at law against the personal representative. Section 19, chapter 85, Code. (2) A separate bill in chancery to compel payment of his individual debt out of the funds in the hands of the personal representative, and discover the funds or estate liable to the payment thereof. Story, Eq. Pl. secs. 99-102; 2 Tuck. Bl. Com., 425; *White* v. *Bannister's Ex'rs*, 1 Wash., (Va.), 168; *Duval's Ex'r* v. *Trent's Devisees*, 6 Munf. 29; *Clarke* v. *Webb*, 2 Hen. & M. 8. (3) A bill in behalf of himself and other creditors to ascertain and distribute both the real and personal estate. This is subject to the right of the personal representative to bring such suit within six months from his qualification. Section 7, chapter 86, Code. (4) A bill against an heir or devisee because of assets by descent. Section 6, chapter 86, *Id.*''

It suffices to say that the plaintiff's bill does not come within either of the above classifications. The circuit court erred in overruling the demurrer. We therefore reverse the decrees complained of, and remand the cause, with leave to the plaintiff to amend his bill, if he so desires.

*Reversed.*