# CHARLESTON.

PEARL EARLE *et al.* *v.* JESSE C. COBERLY *et al.*

Submitted March 10, 1908.   Decided February 16, 1909.

1.  WILLS—*Construction—Disposition by Implication.*

    A will may operate to bequeath property by necessary implication from the will taken as a whole, even though there is no formal disposition thereof. Such implication, however, must be so strong as to preclude the idea of any other intention on the part of the testator. (p. 165.)

2.  SAME—*Construction—Interest Created—Absolute Gift—Personalty.*

    Testator makes use of the following language in his will in relation to his personal property, viz: "and she the said L. E. is to sell and dispose of my personal property and after paying her for her trouble she can dispose as she thinks best." In the former part of his will he had directed the payment of his debts and had given some pecuniary legacies, but did not direct how they were to be paid. He had also devised to L. E., who was his daughter, a specific lot of land and had made her his executrix. He failed to make any disposition of a large part of his real estate. No other mention is made of his personal property than what is contained in the above quotation. *Held,* to constitute an absolute gift of his personal property to L. E. (p. 165.)

3.  SAME—*Legacy—Charge on Land.*

    The right of a pecuniary legatee to have his legacy charged upon the undevised land is superior to the right of the heir. (p. 166.)

4.  SUBROGATION—*Payment Out of Own Funds.*

    An executor who uses his own funds to pay debts and pecuniary legacies, is entitled to be subrogated to the rights of the creditors and legatees. (p. 166.)

Appeal from Circuit Court, Randolph County.

Bill by Pearl Earle and others against Jesse C. Coberly and others. Decree for defendants, and complainants appeal.

*Reversed and Remanded.*

W. B. MAXWELL, for appellants. ˙
HARDING & HARDING and D'AILEY & BOWERS, for appellees.

WILLIAMS, JUDGE:

This case is here on appeal from a final decree made on the 28th day of January, 1907, by the circuit court of Randolph county, and involves the construction of a will.

Wm. H. Coberly died in January, 1904, leaving a will by which he disposed of all his personal property, but only a portion of his real estate. He left a widow, Ruth Ann Coberly, to whom he gave nothing by his will. His widow survived him about one month and died, also leaving a will by which she gave all her property to a married daughter, Lummie Earle, whom she named as her executrix.

Wm. H. Coberly left only two children as his heirs, the aforesaid Lummie Earle, a married daughter, and a son, Jesse C. Coberly.

In his will he first directs the payment of his debts, but does not make them a charge on any particular fund; next he devises, by specific description, a lot of land in the City of Elkins to his daughter Lummie Earle, and appoints her his executrix. He then gives to four of his grandchildren, viz: Charley H., Della A., Pearl and Ruth Earle, children of Mrs. Lummie Earle, $1,000.00 each, but does not specify how these legacies are to be paid. The will then concludes as follows, viz: "and she the said Lummie Earle is to sell and dispose of my personal property and after paying her for her trouble she can dispose as she thinks best, I have *payed* my son Jesse G. Coberly his portion to him and his children in money and land." There is no residuary devise, and no mention made of other lands of testator.

The will is dated January 7, 1903. Lummie Earle administered on the estate. The personal property amounted to $2,-824.75, all of which went into her hands.

One of the principal questions presented is: Did the will give Lummie Earle the personal property absolutely; or, was it charged with payments of debts and legacies? The will of the testator is supreme so long as it does not conflict with the general law; and is to be determined from the language used, taking it as a whole, and from the necessary implications arising therefrom.

Testator did not expressly give Lummie Earle the personalty; but he gave her unqualified power to dispose of the proceeds by this language: "She can dispose as she thinks best." Unqualified dominion necessarily imports absolute ownership. Consequently, by necessary implication, she was given the absolute title to all of the testator's personal property; and we hold that this was testator's intention. Underhill on Law of Wills, sec. 463; Page on Wills, sec. 468. "When executors are given uncontrolled powers of appointment, they may appoint for themselves." Page on Wills, sec. 691; *Graham* v. *Graham,* 23 W. Va. 36.

The testator's intention that his debts and these four pecuniary legacies should be paid out of his estate was clearly expressed. He explicitly directs his "just debts" to be paid; and he just as certainly gives these four pecuniary legacies to his grandchildren above named. But he does not state how, or out of what particular property belonging to his estate, he desires either to be paid. Shall the expressed wish of the testator be defeated because he did not designate the particular part of his estate out of which these legacies and his debts should be paid? Certainly not, so long as there are sufficient assets belonging to his estate with which to effectuate his will.

He left undevised lands worth about $7,000.00. This was more than enough to pay both debts and legacies.

Undevised real estate was liable, even under the common law, for the payment of legacies, and also for the payment of general debts when charged on the land. Underhill on Law of Wills, sec. 371; 2 Jarman on Wills, side page 1387; and, *a fortiori,* is it liable under the statute which makes real estate belonging to the estate of a decedent, assets for the payment of *all* debts.

It is true that the personalty is the fund primarily liable for the payment of debts and legacies where both land and personal property are willed generally, and the personalty is not expressly, or by necessary implication, exempted. But, in this case, we have seen that the personalty was exempted by being given to Lummie Earle by necessary implication. The undevised land was, therefore, the fund primarily liable in this case to the payment of both debts and legacies. "General legacies are not applicable to the payment of debts until after the residuary personal estate, real estate devised in trust expressly for the pay-

ment of debts, or which is charged with their payment and land descended to the heir, are all exhausted." 1 Underhill on Wills, sec. 390; *Bank v. Beverly,* 1 How. 134; *Thomas* v. *Rector,* 23 W. Va. 26; 2 Jarman on Wills, side page 1430; *Elliott* v. *Carter,* 9 Grat. 548; *Cranmer* v. *McSwords,* 24 W. Va. 599; *Downman* v. *Rust,* 6 Rand. 587; *Hershey's Estate,* 21 Pa. Sup. Ct. 651; *Trent* v. *Trent,* Gilmer 174 (9 Am. Dec. 594).

It is true that the executrix was not expressly directed to sell any land to pay debts and legacies. But it is not necessary that she should have been given such power, in order to charge the debts and legacies on the land. The law gave her a right to apply to the court to have it sold in order to carry out the purposes of the will.

The decree appealed from is erroneous in that it releases the undevised lands of Wm. H. Coberly from the payment of the aforesaid legacies, and decrees that the personal property was primarily liable for the payment of testator's debts.

The debts and legacies should both have been charged upon the undevised land; first the debts, then the four pecuniary legacies; and if the land proved to be insufficient to pay both debts and legacies, then the legacies would have to be abated ratably.

It appears from the commissioner's report in this cause that the executrix paid out of her own fund debts owing by her testator to the amount of $1,338.72, and also paid two of the aforesaid legacies of $1,000.00 each. She is therefore entitled to be subrogated to the rights of the creditors, and to the rights of the two legatees whom she paid, as against the aforesaid undevised real estate, with interest on said sums from the time of their payment. *Gaw* v. *Huffman,* 12 Grat. 628; *Hope* v. *Wilkinson,* 14 Lea (Tenn.) 21; Sheldon on Subrogation, secs. 202 and 208; 2 Woerner on Administrators, side page 1109, sec. 496.

The two infant plaintiffs to this suit are entitled to be paid their legacies out of the proceeds of said undevised lands, with interest on said legacies from the time that they were due.

Mrs. Lummie Earle took possession of the undevised real estate and collected the rents therefrom, the net amount of which, after allowing credit for taxes and needed repairing is $782.48; and, after her death, Charles H. Earle collected rents, the net amount of which is $141.00. The unpaid debts of W. H. Coberly, de-

ceased, amounting to $98.40 should be paid out of these sums, and one-half the remainder paid to Jesse C. Coberly.

In 1904 Jesse C. Coberly brought a suit against Lummie Earle for partition of the aforesaid undevised lands, and on the 1st day of February, 1905, a decree was made giving him one half of said lands "unencumbered." This decree was appealed from to this Court and was modified to the extent that it was not proper upon the state of the pleadings in that suit to hold that his moiety was unencumbered with the aforesaid legacies. But in so far as said decree held that Jesse C. Coberly took the undivided half of said lands by inheritance from his father, Wm. H. Coberly, it was affirmed. See the case reported in 60 W. Va. 295.

Plaintiffs thereupon brought this suit, and the two were heard together, and on the 28th day of January, 1907, the final decree now under review was made.

This decree held that the personal property of W. H. Coberly was liable first to the payment of testator's debts, and second, to the payment of the aforesaid pecuniary legacies, *pro tanto,* and that the undevised real estate was not in any manner liable for their payment. It also decided that the estate of Lummie Earle, deceased, was not entitled to be subrogated to the rights of the creditors and legatees whom she had paid as against said undevised real estate; and that plaintiffs, the two unpaid legatees, had no right to charge their legacies upon said land. In these respects, and for the reasons set out in this opinion, the decree is erroneous, and must be reversed and the case remanded to the circuit court of Randolph county for further proceeding according to law as herein expressed.

*Reversed and Remanded.*