# CHARLESTON

AMERICAN BANK & TRUST CO. v. DOUGLASS *et al.*

Submitted November 10, 1914. Decided December 8, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Debts of Decedent—Liability of Estate.*

   The real and personal property of a decedent are, by §3, Ch. 86, Code 1913, assets for payment of his debts, the personalty being primarily liable therefor. (p. 209).

2. SAME—*Payment of Legacies—Liability of Executor.*

   Point 1, syllabus, *McGlaughlin* v. *McGlaughlin*, 43 W. Va. 226, approved and reaffirmed. (p. 210).

3. SAME—*Marshaling Assets and Securities—Right of Action—Creditor of Estate.*

   A creditor, his debt remaining unpaid, whether reduced to judgment or not, may, under §6, Ch. 86, Code, maintain his suit in equity against the personal representative, heirs and devisees of a decedent, to marshal the assets and apply the proceeds thereof to the liquidation of the indebtedness against the estate. (p. 210).

4. SAME—*Settlement of Administration Accounts—Conclusiveness—Equitable Relief.*

   An *ex parte* settlement of administration accounts, made as required by §7, Ch. 87, Code, though accompanied by notice for proof of debts, does not necessarily preclude relief in equity upon a claim not presented or reported therein. Such settlement, when approved as provided in §22, Ch. 87, is to be deemed *prima facie* correct only in so far as it adjusts the account to the date therein mentioned. (p. 210).

5. SAME—*Distribution of Estate—Liability of Executor.*

   A personal representative distributes the estate of his decedent at his peril, unless he. takes a refunding bond, or unless in a suit by himself or another for the benefit of all creditors he marshals and applies the assets under judicial direction pursuant to the provisions

of Ch. 86, Code. However, without such bond or suit, he may compel distributees to refund such part thereof as may be necessary to reimburse him for any debt he may subsequently be compelled to pay and costs and expenses incurred by him in defense of the estate under his control. (p. 210).

6. SAME—*Marshaling Assets—Parties—Dismissal of Bill.*

While not necessary parties to a creditors' suit against the personal representative and distributees of a decedent to marshal and apply his estate to the liquidation of liabilities chargeable against it, sureties on a refunding bond are not improper parties, warranting dismissal of a bill for that reason. (p. 210).

7. EQUITY—*Amended Bill—Dismissal on Demurrer.*

When filed to correct a mistake of fact charged in the original bill, an amended bill should not be dismissed on demurrer, though it make improper parties defendant thereto. (p. 211).

Appeal from Circuit Court, Jackson County.

Bill by the American Bank & Trust Company, who sues, etc., against H. A. Douglass and others. From decree from defendants, plaintiff appeals.

*Reversed and Remanded.*

*T. J. Sayre, J. L. Wolf,* and *Meek & Renshaw,* for appellant.

*Elmer L. Stone* and *Warren Miller,* for appellees.

LYNCH, JUDGE:

The object sought by plaintiff's bill was to marshal the assets of Floyd B. Douglass, deceased, as a member of the timber partnership of H. Douglass' Sons, composed of himself, H. A. Douglass, his brother, and L. Merrill, the husband of their sister Lorena. By the decree now complained of, the court sustained the demurrer to the third amended and supplemental bill, but did not rule upon the demurrers to the other bills filed by plaintiff.

Plaintiff loaned various sums of money to the partnership. The bill charges that Floyd B. Douglass was the only solvent member of the firm, and that upon the strength of his credit the bank made the loans. He died testate March 7, 1905, devising one fourth of his Jackson county lands to his wife, Minnie, and the other three fourths thereof to his brother,

H. A. Douglass, and his sisters, Lula Holiday and Lorena Merrill, and providing that should his widow remarry the fourth devised to her "shall go" to the brother and sisters above named. His widow renounced the. will, remarried, and conveyed her dower interest to the brother and sisters mentioned. The will made several bequests of personalty not now important to note, because not involved in the questions arising upon the ruling before this court.

H. A. Douglass and Lorena Merrill, as executor and executrix, made one settlement of their accounts before a commissioner of accounts of Jackson county, and thereafter distributed the personal estate according to the directions of the will, except that, in addition to the amount allowed her under the exemption provisions of Ch. 41, Code, they paid $2665 thereof to the widow as distributee. To the extent of $1577.23 she, with W. E. Walker (presumably her present husband) and W. A. Williamson as sureties, entered into a refunding bond under the provisions of §29, Ch. 87, Code. Though a party defendant to the several bills, no relief was asked against Minnie Walker except in the last, which first introduced her sureties as defendants. This last bill, dismissed on demurrer, charges knowledge on her part of the plaintiff's claim against he estate at the time she received the $2665, and that she wrongfully and illegally accepted this sum and has not refunded any part of it. The bill prays that she be required to disclose the amount and value of the estate of Floyd B. Douglass which came into her hands, the dates of the receipt thereof by her, and the conditions of the refunding bond; that she be required to account for, refund and pay to plaintiff said sum of $2665 with interest, and that it have a decree therefor against her, and against her sureties for $1577.23, a part of the larger sum, with interest, and for further and general relief.

By §3, Ch. 86, Code 1913, the real and personal estate of a decedent are assets for the payment of his debts, his personalty being the fund primarily liable. *Boggs* v. *McCoy*, 15 W. Va. 344; *Crawford* v. *Turner*, 58 W. Va. 600.

So far as disclosed by the pleadings, title to decedent's real estate remains in the devisees H. A. Douglass, Lula Holiday

and Lorena Merrill, except that H. A. Douglass by deed dated September 18, 1905, conveyed his interest in the Jackson county lands to these two sisters. This deed plaintiff prays may be annulled as fraudulent. But decedent's personal property has been distributed among his legatees and his widow.

No question so far has arisen, and indeed under §30, Ch. 87, Code, none can arise, negativing liability upon an executor by reason of a distribution of the testator's assets unless he took and filed a refunding bond, as properly he may and ought to do under the provisions of that section in order to protect him against liability. "An executor who exhausts the personal estate of his testator in paying specific legacies without taking a refunding bond, will as to creditors of said testator be considered as having committed a *devastavit*, whether he had notice of the debts due such creditors at the time he paid such legacies or not." *McGlaughlin* v. *McGlaughlin*, 43 W. Va. 226. A refunding bond for part of such payment excuses only *pro tanto*. Differently stated and applied, the same liability follows where a personal representative, without notice of a debt binding it, distributes the estate in his hands where there is neither fraud nor other improper conduct: he may in equity, however, compel the distributees, whether creditors or beneficiaries, to refund to him any other debt he was subsequently required to discharge and expenses incurred by him, no refunding bond being taken as provided by the statute cited. *McClung* v. *Seig*, 54 W. Va. 467; *Lewis* v. *Overby*, 31 Gratt. 602.

That equity has exclusive jurisdiction at the suit of a creditor against the personal representative of a decedent, his heirs and devisees, clearly appears from §6, Ch. 86, Code, whether or not the creditor has obtained a judgment on his claim. *Rex* v. *Creel*, 22 W. Va. 373. Such authority existed prior to the statute. *Arnold* v. *Casner*, 22 W. Va. 444. Nor does an *ex parte* settlement of executorial accounts, though accompanied by notice for proof of debts against the estate, necessarily preclude relief in equity upon a claim not presented or proved. The report of such settlements, when approved and recorded as required by §22, Ch. 87, is *prima*

*facie* correct only in so far as it purports to adjust such accounts to the date thereof. *Kyle* v. *Kyle*, 25 W. Va. 376. There is no statutory provision to the contrary, except where in an equitable proceeding a settlement is made, liabilities are ascertained upon a reference to a commissioner, his report is confirmed, and a distribution directed therein.

Though not distinctly urged as a ground of demurrer to the third amended and supplemental bill, we may infer demurrants place their chief reliance upon the improper joinder of the defendants who are sureties on the refunding bond given by Minnie Walker, on the theory that under §30, Ch. 87, plaintiff can not enforce any liability assumed by them except by an action at law upon the bond. Indeed, the section plainly imports, as a prerequisite to a suit on the bond, the establishment of the creditor's debt by judgment or decree, or its allowance by a commissioner in a report confirmed by the court. However, while not necessary parties, manifestly there was no impropriety in naming the sureties as defendants. Necessarily the accounts are involved and complicated. If available, the assets are to be reassembled, distributed and reapportioned. If in part dissipated and no longer available for the liquidation of plaintiff's debt, other legatees must proportionately respond by contributing to a fund sufficient to compensate the plaintiff, in no event however in excess of their distributive shares of the assets derived by them severally from decedent's estate. Being before the court as parties, the sureties can protect themselves against the ascertainment of an undue or erroneous amount as recoverable upon their undertaking. For this purpose, they were not improper parties. Any decree against the executors and the widow in this proceeding will preclude further inquiry in an action on the bond in respect to the amount of the recovery thereon. As to the sureties, such a decree would be conclusive, even under Ch. 37, Acts 1907. *State* v. *Myers*, 82 S. E. 270. But for the positive terms of §30, Ch. 87, Code, it would seem entirely proper to determine all questions affecting the liabilities of the sureties in this proceeding.

But it was error to dismiss the last amended and supple-

mental bill, for other reasons.   Although Minnie Walker was a party to each of the several preceding bills, no relief was prayed against her in any except the one dismissed on demurrer.   Besides, it contained averments of facts material to the relief sought by plaintiff not made in any former pleading filed in its behalf.   Again, the original bill charged that Minnie Walker had conveyed all her interest as widow in the estate of Floyd B. Douglass, when in fact the interest conveyed by her was in the real estate only.   This averment was corrected in the amended bill dismissed, which also for the first time charged her with knowledge of plaintiff's debt against the estate at the time she unlawfully and wrongfully received the $2665 from the executors, her refusal to restore that sum to the estate for plaintiff's benefit, and the giving of the refunding bond for part of the amount.   These corrective averments strengthened plaintiff's cause for relief against Minnie Walker, and therefore were properly made by amendment of the original bill.

We think it obvious, therefore, that the circuit court erred in sustaining defendant's demurrer and in dismissing plaintiff's third amended and supplemental bill, and that, for such error, the decree entered in this cause on April 4, 1913, should be reversed.

*Reversed and Remanded.*