# CHARLESTON.

WILLIAM D. WOODBRIDGE, EXECUTOR, ETC. *v.* WILLIAM D. WOODBRIDGE *et als.*

Submitted March 2, 1921.   Decided March 8, 1921.

1. WILLS—*To Ascertain Intent, Whole Paper Will Be Considered With Circumstances.*

   The purpose of construction of wills is to ascertain the intention of the testator as expressed in the instrument, and to this end the courts will consider the whole paper together, the apparent purpose sought to be accomplished by the testa-

tor, and the means used to that end, as well as any other circumstances disclosed by the will which aid in determining such intention. (p. 189).

2.  SAME—*Language Will Be Considered in Sense Which Will Avoid Conflict With Previous Provision.*

Where in a will the testator makes use of language which, according to one construction thereof, would be in conflict with a previous provision in the will, but according to another construction, of which the language is equally susceptible, would be in accord with the former provision, the court will adopt the latter construction, to the end that all of the provisions of the will may be made harmonious, and the language used by the testator given effect. (p. 189).

3.  SAME—*Devise With Right to Use Income and to Sell Held to Vest a Life Estate.*

A will devising to testatrix's husband all of her estate, to have and to hold so long as he shall live, and giving and granting unto him the right to use and enjoy the income thereof, and, should he deem it proper, to sell the same for his benefit, or to increase the income thereof, properly construed, vests in the husband a life estate in such property with the power to sell the same and enjoy the income from the proceeds of such sale, the corpus of the property in its original or in any changed form belonging to the remainderman. (p. 190).

Appeal from Circuit Court, Wood County.

Suit by William D. Woodbridge, executor, against William D. Woodbridge, individually, Emma Lyons, and others. Decree for plaintiff, and defendant Emma Lyons appeals.

*Affirmed in part. Reversed in part.*

*C. M. Hanna* and *Reese Blizzard,* for appellant.

*J. W. Vandervort* and *Brown, Jackson & Knight,* for appellee.

RITZ, PRESIDENT:

The sole question presented for determination upon this appeal is the proper construction of the third paragraph of the will of Martha Evans Hopkins Woodbridge. This paragraph is as follows: ''Third: I give, devise and bequeath unto my beloved husband William Darling Woodbridge, all

of my estate both real and personal, and mixed, of whatever kind and character and wherever the same may be located, he to have and to hold the same so long as he shall live, giving and granting unto him the right to use and enjoy the income thereof, and should he deem it proper to sell the same for his benefit or to increase the income thereof should he, the said William Darling Woodbridge survive me.'' Following the above paragraph is a provision that should testatrix's husband not survive her, or should they both die as a result of the same accident, her estate should pass to certain persons named. The testatrix's husband survived her, so that the paragraph above quoted became operative, and the question here involved is, what estate does he take thereunder, his contention being that he takes absolute title to the personal property, and a fee simple in the real estate, while the contention of the heirs-at-law of the testatrix is that he takes only a life estate in the real and personal property.

It will be observed that the first part of the paragraph above excerpted clearly and unmistakably gives to the husband of the testatrix a life estate, which he claims is enlarged into a fee by the latter provision conferring upon him the right to sell the same for his benefit, or to increase the income thereof. He contends that the power to sell given by this latter clause is inconsistent with any limitation upon the estate given him, and he must therefore be held to take absolute title to the property, while the heirs of Mrs. Woodbridge contend that this provision is inoperative in the light of the language used in defining the character of the interest devised by the testatrix to her husband. All of our authorities agree that the purpose of all construction of wills is to ascertain the intention of the testator as expressed in the will, and this intention will be gathered from a consideration of all of the provisions of the will, the apparent purpose of the testator, and all of the circumstances surrounding the testator and connected with the object of his bounty, as well as the subject thereof. There are many cases in our books in which wills have been construed, but a perusal of

them lends us little, if any, assistance in arriving at the testatrix's intention in this case. In each of the cases there is some characteristic which not only distinguishes them from each other, but distinguishes them from the case we have here, and about the only rule of universal application which we are able to deduce is that the intention of the testator must control, and this intention must be gathered from a consideration of all of the provisions of the will, keeping in mind the apparent purpose sought to be attained by the testator, and giving effect to all the language used in case this can be done; and where some of the language used is so in conflict with other provisions contained in the will as that both cannot stand, that provision will be rejected which seems least in accord with the general object sought to be accomplished by the testator. *Stout* v. *Clifford,* 70 W. Va. 178; *Hope Natural Gas Co.* v. *Shriver,* 75 W. Va. 401; *Cresap* v. *Cresap,* 34 W. Va. 310; *Bartlett* v. *Patton,* 33 W. Va. 71; *Hinton* v. *Milburn,* 23 W. Va. 166.

Is it possible to construe the language used by the testatrix in this paragraph so as to make all of the provisions harmonious? If it is, it is our duty to do so for we must assume that the testatrix intended, when she used the language she did, that all of it should have some effect. If we find, however, that there are provisions which are so inconsistent with others that both cannot stand, we must then determine which of the provisions accomplishes the primary purpose sought to be attained by the testatrix, and discard the other.

The contention of testatrix's husband that he takes an absolute estate in all of the property of his deceased wife is inconsistent with every provision in this paragraph except that giving him the power of sale. In the first part of the paragraph the testatrix provides that he shall hold the same so long as he shall live, and have the right to use and enjoy the income thereof, thus not only by one expression limiting his estate to one for life, but by another, which might be termed an equivalent expression, defining the extent of that life estate, that is, the right to use and enjoy

the income arising from the property.   It is said that the primary inention of the testatrix was to provide for her husband, and this we may grant, but how did the testatrix intend to make this provision, by giving him her property absolutely, or by giving him the income arising therefrom?   The will in this case is written entirely by the testatrix, and upon its face it indicates that she was a woman of much more than ordinary intelligence and education, and if she had the intention of giving to her husband the absolute title to her property we cannot conceive for one minute why she ever resorted to the use of the language she did.   One of most ordinary intelligence, having such an intention, would simply have said that the purpose was to give the property to the object of her bounty without any limitation.   There are many cases, however, which hold that where an absolute power of sale and disposition is coupled with a provision granting an estate for life, the apparent life estate will be enlarged into a fee upon the ground that the power of disposal of the property is inconsistent with a life estate.   And this may be true in those cases where it is plain that the testator intended the power of disposal to be absolute.   That intention does not appear here.   An absolute power of disposal would carry with it not only the right to sell and convey, but to use and dispose of the proceeds of the sale.   Does the language used by the testatrix grant this power in this case?   It will be noted that the power to sell is limited, and can only be exercised by him for his benefit, or to increase the income from the estate.   It may be said that these provisions mean the same thing; that disposing of it for his benefit is simply equivalent to disposing of it for the purpose of increasing the income, and that they stand in apposition.   This view is given force by the use by the testatrix in this same paragraph of two equivalent expressions to define the life estate with which she desired to invest her husband.   She says that she devises the property to him so long as he shall live.   This would have indicated a life estate, but she goes further and gives and grants the right to enjoy the income thereof, indicating a peculiarity of the testatrix to define or emphasize

her expressions by the uses of equivalent expressions immediately following them. Do not all of the expressions contained in this will lead to the irresistible conclusion that in using the language ''should he deem it proper to sell the same for his benefit or to increase the income thereof'' the testatrix gave the power to her husband to sell the real estate for his benefit, that is, to increase the income, and not to consume or use up the corpus? We find from an examination of other provisions of the will that the testatrix's property consists largely of urban real estate in a growing city. She might well have contemplated that in ordinary course of progress the value of this real estate would so advance that the returns received from it would be in no wise commensurate with its value, and a life tenant, not being in a position to improve it so as to receive the more adequate return, would be denied the advantage of such increased value, while if he had the power to convert the real estate into other property he could make his income commensurate with the value of the property. This seems to us the view the testatrix must have had. We do not think she intended that her husband should have the absolute title to any of this real property. The clause giving him the power to sell does not confer upon him the absolute right of disposal, but the right to change the form of the property if a larger income could be secured thereby. This construction would, of course, vest in the husband of the testatrix an estate for his life in the realty, with the remainder in her heirs, with the power in him to convert the corpus of the real estate into other forms of property, but not to consume it, and it gives effect to every provision without doing violence to any of the language used.

Appellee insists that the courts cannot make a will for a deceased party, but must limit their functions to the construction of a will already made, but he loses sight of the fact that he is insisting upon a construction which admittedly defeats the clear intention of the testatrix as expressed in the will not once, but twice, by invoking an arbitrary rule which should never be applied so long as the language used

can be reconciled. It seems to be established that where a life estate is given in a will and a subsequent unequivocal power of disposition also given, the latter, being inconsistent with the life estate, will prevail and have the effect of converting the life estate into a fee. Such power of disposal must be, however, clear and unequivocal, as positive as the language creating the life estate, and by disposal is meant not merely power to sell, but the right to consume or use the proceeds in whatever manner the devisee desires. The clear, positive devise of a life estate makes it perfectly apparent that the application of the rule of construction invoked by the appellee would defeat at least one expressed intent of the testatrix, and the only theory upon which this will be done is that there is another repugnant intent just as clearly expressed. If the apparent conflict can be reconciled and effect given to all of the language used, this must be done before resorting to the arbitrary rule which would discard part of the language, and give effect to the remainder.

So far as the personal property is concerned the appellee takes the same absolutely, for under our statute, the testatrix having died without children, he is the sole distributee of the personal estate and she not having disposed of the remainder by will, he takes it by operation of law. A life estate going to him under the will and the remainder by operation of law, the two are merged, and give him the absolute property in the personal estate.

It is true, this may be in a sense making testatrix's husband a trustee so far as the remainder in the real estate is concerned, but there is no reason why this cannot be. We are not unmindful of the fact that when the legal and equitable estates vest in the same party, the less is merged in the greater and ceases to exist, but that condition does not arise here. The estate belonging to the testatrix's husband is entirely distinct from the estate taken by her heirs. He has his life estate in the real estate entirely separate from the remainder, and there is no reason that we perceive why he could not be a trustee so far as the remainder is concerned. He is not the beneficiary of the trust, and it is only in those

cases where the beneficiary of the trust is also the trustee that there is a merger of the two estates, as is the case with the personalty in this instance.

We, therefore, reverse the decree of the circuit court so far as it holds testatrix's husband to be the owner of the real estate in fee, and enter a decree here holding that the clause of the will in question vests a life estate in testatrix's husband in the realty, with power to convert the same, or any part of it, into other species of property yielding a larger income, and that if this power is exercised the interest of the parties in such property will be the same as in that of which testatrix died seized, and affirm the decree to the extent that it holds appellee to be the absolute owner of the personalty.

*Affirmed in part.    Reversed in part.*