# CHARLESTON.

H. G. HENDERSON, *Ex'r*, v. POTTERS. ORPHAN HOME *et al.*

(No. 5236)

Submitted April 21, 1925.    Decided April 28, 1925.

1. WILLS—*Realty is Chargeable with Legacies if Will Discloses Such Intent.*

   Realty is chargeable with legacies, if the will discloses such intent. (p. 49).

   (Wills, 40 Cyc. p. 2013).

2. SAME—*If Pecuniary Legacies Are Followed by General Residuary Disposition of Whole Estate, Real and Personal, Real Estate in Residuary Clause is Generally Chargeable with Legacies.*

   Where there are pecuniary legacies in a will followed by a general residuary disposition of the whole estate, both real and personal, the real estate included in the residue will, as a general rule, be chargeable with the legacies, unless such

construction is restrained or avoided by the other provisions
of the will.   (p. 50).

(Wills, 40 Cyc. p. 2023).

3.   SAME—*Land Devised in Residuary Clause Held Charged with
Pecuniary Legacies Bequeathed Without Designation as to
Source of Payment.*

Where a testator gives several pecuniary legacies, without
designating out of what part of his estate payment shall be
made, and by the residuary clause gives and bequeaths to his
daughter "all the rest, residue, and remainder of my estate
of whatsoever kind and wheresoever situated," he thereby
manifests an intention to charge the real estate so bequeathed
with the payment of the valid money legacies, in the event
the personal property should not be sufficient to do so, after
payment of debts and costs of administration.   (p. 50).

(Wills, 40 Cyc. p. 2024).

NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part
of syllabi.

Appeal from Circuit Court, Wetzel County.

Suit by H. G. Henderson, executor of the will of Charles B.
Henderson, deceased, against Potters Orphan Home and
others.   From order transferring plaintiff to defendant's
side of cause and dismissing cause for lack of party plain-
tiff, the executor appeals.

*Reversed and remanded.*

*Larrick & Lemon,* for appellant.

*J. Howard Holt,* for appellee Mildred Henderson.

WOODS, JUDGE:

The sole question involved here is whether or not certain
bequests in the last will and testament of Charles B. Hen-
derson, deceased, are chargeable upon his real estate upon
deficiency of personal estate with which to pay them.   The
executor, H. G. Henderson, filed his bill to subject so much
of the realty to sale as may be necessary for that purpose.
The infant child and devisee under the will, and her guardian
*ad litem,* by counsel, moved the court to align the parties to
this suit according to interest, by making the executor a de-
fendant.   The court, over the objection of the executor, trans-
ferred him to the defendant's side of the cause, and then
dismissed said cause for lack of a party plaintiff.   From this
action of the circuit court, the executor appeals.

Charles B. Henderson, widower, died testate, October, 1919, leaving a daughter, Mildred Irene Henderson, age fourteen, as his sole heir at law. At the time of his demise, he was possessed of personal property amounting to $6,800.00 and real estate, appraised at $11,600.00. In his will, executed on the 25th day of September, 1919, after making provision for his just debts, together with funeral expenses, etc., he made five pecuniary bequests—three of which have been satisfied out of the personalty. The settlement of the executor's accounts before a commissioner on November 23, 1920, shows $1,575.15 of the personal assets of the estate in his hands. The executor alleges in his bill that since said settlement it became necessary and he has made and paid out other sums for the benefit of said estate derived from the personal assets thereof, about the sum of $1,300.00 over and above the income derived from said estate, leaving a balance now in his hands of less than $200.00. This suit is brought to subject the realty to the payment of the $1,000.00 bequest to the Potters Orphan Home, a corporation, and the $6,000.00 bequest to H. G. Henderson in his individual right, the latter being set out in the bill as being in fact a trust fund to be used by said H. G. Henderson, as trustee, in the exercise of his best judgment, for the purpose of aiding and assisting in the work of building new church buildings of the Church of Christ within the State of West Virginia, to the amount of $4,000.00, and the remainder to be used for aid and help to old and needy ministers of the said Church of Christ, in West Virginia, in accordance with oral directions given said H. G. Henderson at the time of the execution of the will. The seventh clause, in effect, gave to the daughter all the rest, residue, and remainder of the estate of whatsoever kind and wheresoever situated. The executor further maintains that the estate is amply sufficient to pay and discharge the pecuniary bequests, and that it was the intention of said testator, as shown by the will, that the real estate be sold for that purpose.

The right of the executor to maintain his bill is challenged by counsel for the infant defendant in his brief, on two grounds: First, that the personal bequests named in the will are not charges on the real estate of the testator; second,

that· as shown by the bill, the bequest to H. G. Henderson is a trust fund for beneficiaries who are indefinite, uncertain, not ascertained, and not ascertainable. The latter contention, as we view it, is not cognizable here, as there was evidently no action taken thereon by the court below.

The bill avers that there is not sufficient personal estate to pay the legacies. Disregarding for the moment the $6,000.00 bequest to H. G. Henderson, which is contested by the infant defendant, the uncontroverted pecuniary legacies under the will cannot be satisfied out of the personal estate of the testator. It is clear that, if the personal estate alone must be looked to for the payment of the said uncontested pecuniary legacies, they must fail. True, where legacies are given, they are, in general, not a charge on the realty; and the personal property of the testator is the primary and only fund for their payment. If the personal property be insufficient for the purpose, the real estate cannot be charged with their satisfaction, unless the testator has so charged the realty either expressly or by necessary implication. *Hogg* v. *Browning,* 47 W. Va. 22. The will here does not in express terms so charge the real estate. Does the will disclose such intent? If so, the realty is chargeable with the legacies. *Lynch* v. *Spicer,* 53 W. Va. 426. The cardinal rule is to ascertain, if possible, the real intention of the testator, and carry it out, if consistent with law and good morals. It is not necessary, as we have stated, that the charge shall be made in express terms or that any particular language shall be used. It may appear by implication from the language and disposition of the will, and the intention to charge is to be given effect whenever it is discoverable from anything in the instrument. *Smith* v. *Mason,* 89 Va. 713; *Crouch* v. *Davis,* 23 Grat. 62; 40 Cyc. 2015, and cases there cited. Where such intent is manifest courts are bound to carry it into execution. *Ripple* v. *Ripple,* 1 Rawle (Pa.) 386. The case of *Downman* v. *Rust,* 6 Rand. 587, is in point here. It holds that if the personalty be inadequate, or there be expressions in the will tending to show that the testator has the land in mind, a court will make legacies a charge on the land, rather than they shall go unpaid. In that case, a testatrix whose personalty was inadequate to pay legacies, having one brother, who would have been dis-

tributee, gave pecuniary legacies to two friends, and devised all the rest of her estate, real and personal, to that brother, and appointed him executor, and it was held that there was a charge on the realty for the pecuniary legacies. How strikingly similar is this case to the one under consideration. This case has been followed in West Virginia. *Thomas* v. *Rector*, 23 W. Va. 26; *Hogg* v. *Browning, supra; Lynch* v. *Spicer, supra.* From the decisions in the Virginias, the rule is evolved that where there are pecuniary legacies in a will followed by a general disposition of the whole estate, both real and personal, the real estate included in the residue will, as a general rule, be chargeable with the legacies, unless such construction is restrained or avoided by the other provisions of the will. *Rinehart* v. *Rinehart*, 98 W. Va. 93, 126 S. E. 402; *Earle* v. *Coverly*, 65 W. Va. 165; *Bird* v. *Stout*, 40 W. Va. 43. This is now the settled rule in England and Canada and in most of the jurisdictions in the United States. 40 Cyc. 2024, and cases cited. This well established rule of interpretation is founded on the idea that in such a case the "residue" can only mean what remains after satisfying the previous gifts. It is like the case where a testator directs his debts and legacies to be first paid and devises real estate; or where he devises the remainder of his estate, real and personal, after the payment of his debts and legacies; or devises real estate after the payment of debts and legacies. In these cases the real estate is charged, because it is the manifest intention of the testator. *Lee* v. *Lee*, 88 Va. 805. Let us make application of these principles to the instant case. Here are uncontroverted legacies with insufficient personalty to pay them. The testator designed to pay said legacies else he would not have given them. After setting out the various objects of his bounty, in concluding he makes this bequest: "Seventh—I give and bequeath unto my daughter, Mildred Irene Henderson, all the rest, residue, and remainder of my estate of whatsoever kind and wheresoever situated, to be paid to her as follows: An amount that will be necessary to maintain and educate her until she is twenty-one years of age, then she is to be paid Three Hundred Dollars ($300.00) per year until she is twenty-five years of age and what remains is to be paid to her in full." Here is a gift of the residue of

his real and personal estate, to his daughter, the whole being blended in one mass.  Yet, on what condition?  The language employed by the testator in this bequest to his daughter plainly implies that all of the other pecuniary bequests are to be paid before it can be determined what she will take under the will.  How else can the words "all the rest, residue, and remainder of my estate of whatsoever. kind and wheresoever situated," in said clause, be interpreted?  By holding that this expression was intended to limit the devise to his daughter to that part of his estate, both real and personal, which should remain after deducting all that had been previously bequeathed, effect can be given to the entire will.  Whereas, to say that they are limited to his personal estate, we are forced to defeat an intention as clearly expressed as language can make it, or attribute to him the inconsistency of having made his brother and the charitable institution named in said will, the objects of his bounty by words, at the same time intending that they should never enjoy those bounties.  Effect should be given to all the provisions of the will, if, in the light of the surrounding circumstances, it can be done consistently with the recognized rules of construction as the testator intended.  This case falls clearly within the rule of the courts, hereinbefore stated, in regard to the effect of the residuary clause in wills.  The reason for the rule is made apparent here.  It is our conclusion that the language of the residuary clause in the instant case, establishes the testator's intent to charge the payment of legacies upon the real estate in the residue.

The executor therefore has the right to maintain this suit.  The action of the circuit court in aligning the parties and transferring the executor to the defendant's side of the case, and dismissing the bill, is reversed and the cause remanded.

*Reversed and remanded.*