LILLIE HARRIS *et al. v.* DOLLIE ESKRIDGE *et al.*

(No. 9230)

Submitted February 10, 1942. Decided April 7, 1942.

*W. L. Lee, Harry Shrager* and *C. T. Dyer,* for appellants.
*Mahan, Bacon & White* and *Morris S. Funt,* for appellees.

Fox, PRESIDENT:

W. C. Lawrence died testate on the 6th day of February, 1939. His will, dated November 3, 1938, with a codicil thereto, dated December 31, 1938, was admitted to probate in the office of the Clerk of the County Court of Fayette County on February 11, 1939. Item I thereof directs that all just debts and funeral expenses be paid. By Item II he bequeaths to Paul D. Lawrence the sum of one hundred dollars. Item III reads as follows:

> "I give and bequeath all my cash money in the bank and proceeds from my various insurance policies, after deducting my last illness and funeral expenses to the following named beneficiaries, share and share alike: Mrs. Lillie Harris of Cedar Bluff, Alabama; Dollie Eskridge, Clara Sifax, of Philadelphia, Pennsylvania; Joe R. Lawrence, Eugene Lawrence, Mary Lawrence and Elbert Lawrence. There is included in the above bequest, the judgment in my favor of record in the office of the Clerk of the County Court of Fayette County, West Virginia, against Eddie Shepherd."

By Items IV and V of the will he makes specific bequests of an automobile and certain electrical equipment in his office. By Item VI he devised unto a trustee, named in the will, one-half of a lot situate on Fourth Avenue in the City of Montgomery, said one-half being that part of the lot on which his residence was located, with the provisions that Paul D. Lawrence should be permitted to reside therein during his natural life on certain conditions, for the failure to comply therewith, or upon his death, the lot to become a part of his residuary estate. Item VII reads as follows:

> "All the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and wheresoever situate which I may own or have the right to dispose of at the time of my

decease, I give, devise and bequeath to my nephew, Joe R. Lawrence, IN TRUST NEVERTHELESS, for the following uses and purposes:

"1. To pay the net income therefrom in quarterly installments to my sister, Lillie Harris of Cedar Bluff, Alabama, for the term of her natural life."

He then provided that the property involved in this trust should be sold within one year after the death of his sister, Lillie Harris, and one-half thereof should be distributed among his nieces and nephews, Dollie Eskridge, Clara Sifax, Joe R. Lawrence, Mary Lawrence, Elbert Lawrence and Eugene Lawrence, share and share alike, or to their children in case they should pre-decease his sister; the other one-half to go to Shaw University of Raleigh, North Carolina, to establish a "Lawrence Scholarship Fund". He directed that his trustee should not sell any of his real estate during the life of his sister Lillie Harris. By Item IX he directed his executor to pay all inheritance, estate, succession and legacy taxes, and charge the same as a part of the expense of administration. Other provisions of the will have no bearing on the question raised on this appeal, and the codicil has relation only to payment of premiums on an insurance policy on the life of Paul D. Lawrence.

It is conceded that at the date of the death of the testator he had on deposit in bank the sum of $2,731.28, and that there was collected from life insurance policies the sum of $2,306.96, the two sums aggregating $5,038.17, which it is contended is the cash money and proceeds from insurance policies referred to in Item III of the will. Nothing seems to have been realized on the Shepherd judgment. It is admitted that the expenses of his last illness and funeral, aggregate $893.70, so that the sum of $4,144.77, according to the contention of the appellants, should be paid to the seven persons named in Item III. It appears, however, that the payment of the one hundred dollar legacy to Paul D. Lawrence, the debts of the estate, inheritance tax, and expenses of administration will sub-

stantially, if not entirely, consume this fund, and, as we understand, all other personal estate. The executor named in the will, Joe R. Lawrence, had, at the date of the decree appealed from, paid out practically all of this fund on such debts, taxes and costs of administration, and at said date there was in his hands, as executor, the sum of $803.23, which sum was subject to a note of $800.00 due to The Merchants National Bank and certain contingent liabilities. At that date there was in his hands as trustee, presumably derived from rents from the trust property, the sum of $2,891.31.

This suit was instituted by Lillie Harris and Joe R. Lawrence, executor and trustee, for the purpose of having said will construed and interpreted, and to obtain specific directions for the distribution of the fund in the hands of the executor and trustee, or which might thereafter come into his possession.

The appellants, Dollie Eskridge, Eugene Lawrence, Elbert Lawrence and Clara Sifax, four of the six nieces and nephews named in the will, contend that the said sum of $4,144.47 should have been paid to them, and to the other persons named in Item III of the will; that it was clearly intended by the testator that said fund should be so divided, and that the other estate not specifically bequeathed or devised should bear the burden of any indebtedness, taxes and costs of administration, other than expenses of his last illness and funeral. On the other hand, the appellees, Lillie Harris and Joe R. Lawrence, executor and trustee, take the position that the personal estate, being the primary fund for payment of debts, should have been used to the relief of the trust created by Item VII of the will.

It is, of course, settled law in this State that personal property is the primary fund for the payment of debts. *Boggs* v. *McCoy*, 15 W. Va. 344; *Saddler* v. *Kennedy, Admr.*, 26 W. Va. 636; *Crawford* v. *Turner*, 58 W. Va. 600, 52 S. E. 716, 112 Am. St. Rep. 1014; *American Bank & Trust Co.* v. *Douglas*, 75 W. Va. 207, 83 S. E. 920; *George* v. *Brown*, 84 W. Va. 359, 99 S. E. 509. "Real estate is not chargeable

with the payment of pecuniary legacies, unless the intention of the testator so to charge it is expressed in the will, or such intention appears by implication." *Thomas v. Rector,* 23 W. Va. 26. However, where a will provides for pecuniary legacies, and then bequeaths or devises the residue of the estate, real and personal, a charge on land for the legacies is created, where the personal estate not specifically bequeathed is insufficient to pay such legacies. *Bird* v. *Stout,* 40 W. Va. 43, 20 S. E. 852; *Earle* v. *Coberly,* 65 W. Va. 163, 64 S. E. 628, 17 Ann. Cas. 479; *Rinehart* v. *Rinehart,* 98 W. Va. 93, 126 S. E. 402, 42 A. L. R. 649; *Henderson* v. *Potters' Orphan Home,* 99 W. Va. 46, 127 S. E. 725; *Peters* v. *Kanawha Banking & Trust Co.,* 118 W. Va. 484, 191 S. E. 581. To put it another way, real estate is not chargeable with debts or pecuniary legacies unless the intention so to charge it is expressed in the will, or such intention appears by implication. *McGlaughlin* v. *McGlaughlin's Legatees,* 43 W. Va. 226, 27 S. E. 378; *Bailey* v. *Hudgins,* 103 W. Va. 556, 138 S. E. 118; *Citizen's State Bank* v. *McKown,* 106 W. Va. 626, 146 S. E. 876.

It is apparent, therefore, that the question of intent is important and, where rights of creditors do not interfere, controlling. "The purpose of construction of wills is to ascertain the intention of the testator as expressed in the instrument, and to this end the courts will consider the whole paper together, the apparent purpose sought to be accomplished by the testator, and the means used to that end, as well as any other circumstances, disclosed by the will which aid in determining such intention." *Woodbridge* v. *Woodbridge,* 88 W. Va. 187, 106 S. E. 437. The intent of the testator should be ascertained not from a part but from the whole instrument. Courts should endeavor to ascertain the intention of the testator from the common and fair meaning of the words used in the will, and may not indulge in conjecture as to such intention not based upon the language of the instrument itself.

It is clear from this record that the rights of creditors are not here involved. All the debts, taxes and expenses

of administration have been paid, except possibly one note and small contingent liabilities, and the funds in the hands of the executor and the trustee are amply sufficient to cover these items. We are, therefore, free to deal with the question raised as one affecting the rights of the beneficiaries under the testator's will, and are free to carry out the intention of the testator, if that intention can be gleaned from the will itself.

Guided by these principles and observations, we think it clear that the testator knew that his estate would be subjected to certain charges, not provided for in Item III of his will. For example, he bequeathed one hundred dollars to Paul D. Lawrence. He must have recognized that there would be expenses of administration, and he made direction as to the payment of inheritance and estate taxes. He must have known of the existence of other indebtedness and contingent liabilities, because his will was executed a short time before his death, and it is not likely that these obligations were non-existent at the date of his will. In the face of this, by Item III of his will, he made a specific bequest out of a specific fund to his sister and his nieces and nephews. He specifically provided that the expenses of his last illness and his funeral should be paid out of this fund. It is quite evident that he did not intend that other debts and charges should be paid out of such fund. He probably under-estimated these debts and charges. He then makes specific devises of certain personal property, provides for Paul D. Lawrence as to occupying his residence, and then made a devise and bequest of "all the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and wheresoever situate" to Joe R. Lawrence in trust for certain purposes, which have been outlined herein. We think the testator meant, in all events, to divide the cash in bank and proceeds of insurance policies, less expenses of last illness and funeral, among the persons named in Item III, and if this be true, it necessarily follows that there could only be one fund from which his indebtedness, other than expenses of his last

illness and funeral, could be paid, and that would be the residuary estate. If this be true, then, from the will itself, we may imply intent that such indebtedness, taxes and expense of administration should be paid out of the residuary estate. True, he provided that the net income from this residuary estate should be paid to Lillie Harris during her lifetime, and he directed that his real property should not be sold during her life, but these provisions for his sister must yield to the claims of creditors, taxes and expenses of administration. It is fortunate that, by reason of the income from the trust estate, these debts and expenses can be paid without the sale of the corpus of the trust. If it were otherwise, we think the real estate would be liable for any debts or charges beyond those which the personal estate would pay.

We base our decision on what we believe was the clear intention of the testator that the fund created by the money in the bank and proceeds of insurance policies should be applied first to the payment of the expenses of his last illness and funeral, and that next it should be divided among his sister and the six nieces and nephews. That bequest is express and specific. The creation of the trust estate is not a specific bequest of any particular property, and the fact that some of that property may have been required to meet obligations not otherwise provided for, does not, in our opinion, afford justification for disregarding in its entirety the intent of the testator as expressed in Item III of the will. The fund mentioned in Item III having been used to pay debts, taxes and expenses of administration, not provided for therein, the appellants, and others so situated, are entitled to be subrogated to the rights of creditors whose debts were paid out of that fund. The court, having the matter of the settlement of the estate within its control, can make a proper decree for carrying out the provisions of Item III of the will from the accumulation of rents from the trust estate, and thereby the direction of the testator that his property be not sold during the lifetime of Lillie Harris, recognized and made effective.

The decree of the Circuit Court of Fayette County is reversed, the cause remanded for such further decrees as may be necessary to enter herein, not inconsistent with this opinion.

*Reversed and remanded.*