## AMERICAN BRASS CO. v. HAUSER.

1. WILLS—POWER OF APPOINTMENT—DETERMINATION OF MEMBERSHIP OF CLASS.

Devise of testator's realty to his wife for life with power to dispose of same by her last will to his children in such proportions as to her might seem just, limited membership of class in whose favor power, unexercised by widow, might be exercised by court of equity to such children as were living at her death (3 Comp. Laws 1929, §§ 13017, 13018, 13022).

2. SAME—CONSTRUCTION—INTENT.

In construing provisions of a will the intent of the testator is controlling and that intent must be derived from the instrument which stands as his last will and testament.

3. TRUSTS—POWER OF APPOINTMENT—STATUTES—EQUITY.

Statute relative to devolution of expectant estates in realty where owner thereof dies prior to termination of precedent or intermediate estate *held*, inapplicable so as to permit intervener, widow of son of testator, to share in estate which testator left to his wife for life with power of appointment by her last will, where testator's widow died leaving power unexercised and intervener's husband had predeceased testator's widow and court of equity was called upon to make distribution in her stead (3 Comp. Laws 1929, §§ 13017, 13018, 13022; Act No. 211, Pub. Acts 1931).

4. SAME—SURVIVORS OF CLASS ENTITLED TO REALTY UPON FAILURE TO EXERCISE POWER OF APPOINTMENT.

Survivors of testator's children or their heirs, who survived his widow, being the only ones to whom widow could appoint to take his real estate by her will under devise to her for life with power to appoint by her last will to such of them as to her might seem just, the widow of a son who had predeceased testator's widow was not entitled to share in distribution by court of equity upon failure of testator's widow to exercise power of appointment (3 Comp. Laws 1929, §§ 13017, 13018, 13022).

Appeal from Wayne; Campbell (Allan), J. Submitted January 12, 1938. (Docket No. 120,.Calendar No. 39,834.) Decided April 4, 1938.

Bill by American Brass Company, a Connecticut corporation, against Charles F. Hauser and others to secure specific performance of a real estate option. Ida M. Hauser intervened as a party defendant Decree for plaintiff. Defendant Ida M. Hauser appeals. Affirmed.

*Hill, Hamblen, Essery & Lewis* (*Austin Fleming,* of counsel), for plaintiff.

*Walter M. Trevor* (*George A. Cooney,* of counsel), for defendants and appellees.

*Earl G. Maynard* (*Raymond A. Fox,* of counsel), for defendant and appellant.

CHANDLER, J. Gothard Hauser died testate, March 11, 1911, his will containing, among others, the following provisions:

"I give, devise and bequeath to my beloved wife Natalie Hauser all the real estate of which I may die possessed for her use during the remainder of her life and hereby give to my wife the power and authority to dispose of by her last will of my said real estate to my children in such proportions or portions to each of them as to her may seem just.

"I hereby direct and will, that if after my decease my said wife should consider it desirable or necessary to sell any or all of my said real estate she is hereby empowered so to do provided, she have the consent of such of my children as shall then have attained the age of 21 years. I hereby direct that the money so derived from the sale of such real estate be held by my said wife in trust for my chil-

dren to be disposed of by the last will of my said wife the same as my real estate remaining unsold, and the income derived from such money during the life of my said wife is to belong to her absolutely.

"This will is made by me having in mind my children Frank Hauser, Otto Hauser, Albert Hauser and Charles Hauser, none of whom are forgotten or omitted by mistake from participation in my estate under this my will."

He was survived by his wife, Natalie, who died intestate in 1931, and four sons, Charles, Frank, Otto and Albert. Albert died August 30, 1927, leaving him surviving his widow, Ida M. Hauser, intervener-appellant. Otto Hauser survived his mother, having died on December 25, 1935, leaving his widow the defendant, Ethel Hauser, and a minor daughter, Loriean Marie Hauser, who were the beneficiaries under his will.

At the time of his death, Gothard Hauser owned a parcel of real estate located at the corner of McKinstry and west Jefferson avenues in the city of Detroit. On January 12, 1937, Charles Hauser and Frank Hauser, and their respective wives, and Ethel Hauser, the widow of Otto, individually and as guardian for Loriean Marie Hauser, the minor, claiming to be the owners of said premises, executed an option agreement thereon, plaintiff being the assignee of the optionee named in said agreement. The agreement gave the exclusive option to purchase for the sum of $15,000 at any time within 30 days from the date thereof.

On February 8, 1937, the optionee sought to exercise the option and tendered the down payment prescribed by its terms. On March 2, 1937, Charles F. Hauser notified the optionee, on behalf of himself and others executing the agreement, that they were unwilling to perform for the reason that Ida Hauser,

widow of Albert, claimed an interest in the premises, and not having been a party to the agreement, refused to enter into the proposed sale. A formal demand for performance was made on April 9, 1937, which was refused. Whereupon, a bill for specific performance was filed. Ida Hauser, was granted leave to intervene and file answer to plaintiff's bill of complaint. Upon hearing, the trial court determined the rights of all parties, finding that by the will of Gothard Hauser a power in trust was created in his wife Natalie, and not having been executed by her, would be executed by a court of equity equally in favor of the three children of Gothard Hauser who survived her. The court decreed specific performance of the agreement as to Frank J. and Charles F. Hauser and their respective wives, and Ethel Hauser, and directed a reference to determine the value of the interest of Ethel in one-third of the purchase price, she having a life interest under the will of her deceased husband.

All parties agree that under the provisions of Gothard Hauser's will, quoted *supra,* his widow Natalie became the grantee or donee of a special power in trust within the meaning of 3 Comp. Laws 1929, § 13017 (Stat. Ann. § 26.113), and that upon default of execution thereof by the grantee, the same will be executed by a court of equity under 3 Comp. Laws 1929, § 13018 (Stat. Ann. § 26.114), for the benefit equally of all persons designated as objects of the trust as provided by 3 Comp. Laws 1929, § 13022 (Stat. Ann. § 26.118).

The power, not having been executed by the grantee, the question presented is, for whose benefit will execution be ordered by the court. Ida M. Hauser, intervener-appellant, contends that it shall be executed for the benefit of all the children of Gothard Hauser living at his death, thus giving her an inter-

est as beneficiary under the will of her husband. Appellees contend it shall be executed only for the benefit of those children surviving the wife Natalie, the grantee of the power.

No attempt will be made to review all of the authorities. Numerous English cases are cited, including *Kennedy* v. *Kingston*, 2 Jac. & W. 431 (37 Eng. Rep. 692) in which there was a bequest to A for life, "and at her decease to divide it in portions as she should choose, to her children." It was there held that inasmuch as the power was to be executed at the death of the donee, only those children then living were entitled to take under an exercise of the power. And to a like effect is *Walsh* v. *Wallinger*, 2 Russ. & M. 78 (39 Eng. Rep. 324) wherein the testator gave the residue of his personalty to his wife for life with power to "give and bequeath the same to her children by him in such manner as she should appoint." Of this the court said:

"The power here was plainly testamentary, and could be executed only in favor of children who could take by will; and the part unappointed must be divided between the children who were living at the mother's death."

See, also, *Woodcock* v. *Renneck*, 4 Beav. 190 (11 L. J. Ch. 110, 49 Eng. Rep. 311); *Reid* v. *Reid*, 25 Beav. 469 (53 Eng. Rep. 716); *Cruwys* v. *Colman*, 9 Ves. Jr. 319 (32 Eng. Rep. 626); *Brown* v. *Popcock*, 6 Sim. 257 (58 Eng. Rep. 590); *Winn* v. *Fenwick*, 11 Beav. 438 (18 L. J. Ch. 337, 50 Eng. Rep. 886).

In *Daniel* v. *Brown*, 156 Va. 563 (159 S. E. 209, 75 A. L. R. 1377), the testator's will provided: "All the rest and residue of my real estate, I give and devise to my said wife, Jane C. Jackson, for life, with power to her to give, by last will, said real estate, to such of my nephews and nieces, and in such proportions as she may choose." In exercising the

power an attempt was made to give property to the issue of deceased nephews and nieces. Of this the court said:

"The donee could execute this power only by will. She was limited in her selection to the members of a certain class, who were to take only at her death. If all the objects of the power had died in the lifetime of the donee there could have been no valid appointment by the donee. Inasmuch, therefore, as the donee was confined in her appointment by the will to the nieces and nephews living at the time the appointment should take effect, the court is likewise so confined."

Another authority is quoted as follows:

"Where a power is conferred to appoint property among the members of a definite class, and a trust is created for the members of the class or there is an express or implied gift in default of appointment to the members of the class, and the donee of the power fails to exercise it, so that the members of the class are entitled to the property in equal shares, the membership of the class is determined as of the time when the appointment could have been made.

"If the power could have been exercised only by the will of the donee of the power, such members of the class, and only such members, are entitled to share in the property as compose the class at the time of the death of the donee of the power, since the donee could have effectively appointed only to members of the class in existence at the time of his death. Any member of the class who, although living at the time of the creation of the power, predeceased the donee of the power is not entitled to share in the property." (1 Restatement of the Law of Trusts, p. 94.)

We believe the rule to be derived, as applied to facts presented by the instant case, is that the membership of the class in whose favor the appointment

is to be exercised is to be determined as of the time of the decease of the donee of the power. True, the intent of the testator is controlling and that intent must be derived from the instrument which stands as his last will and testament. The intent is expressed by directing that the power shall be exercised by the will of the donee at the latter's death.

Appellant expresses the following hypothetical language in her brief and states that this language is indistinguishable from the language of testator's will in the case at bar.

"I give to my wife all my real estate for her use during the remainder of her life, the remainder to my children in such portions as to her may seem just and as she may provide in her last will."

The distinction seems clear in that in the hypothesis the class might well be said to take directly from the donor a remainder vesting immediately upon his death with power in the donee only to determine the proportions the various members of the designated class shall take, while in the instant case the class takes the gift from the donee by the use of such words as "to dispose of," et cetera. This distinction was indicated by the discussion of the court in *Lambert* v. *Thwaites*, L. R. 2 Eq. Cas. (Eng.) 150 (14 L. T. 159), which is relied upon by appellant. See, also, 1 Perry on Trusts and Trustees (7th Ed.), § 249; *Cathey* v. *Cathey*, 9 Humphr. (28 Tenn.) 470 (49 Am. Dec. 714).

Appellant also refers to Act No. 211, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 12966-1, Stat. Ann. § 26.47) in support of her claim. This statute has no application to the problem before us.

Inasmuch as only those members of the designated class surviving the donee of the power could have

been appointed by her to take under an exercise of the power by her, upon default of execution, only those survivors shall take when executed by the court.

The decree is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.