# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Trina L. Janura,**
**Defendant Below, Petitioner**

**vs)   No. 20-0159** (Hancock County 12-C-229)

**John J. Janura Jr.,**
**Plaintiff Below, Respondent**

**FILED**
**February 2, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Trina L. Janura appeals two orders of the Circuit Court of Hancock County. In the first order, entered on September 6, 2018, the circuit court established the allotted acreage and boundary lines between a parcel of land belonging to petitioner and her sister, Patricia Janura-Jordan ("Patricia"), as co-tenants and a parcel of land belonging to their brother, Respondent John J. Janura Jr., after the court earlier granted respondent's petition to partition the eighty-five acres of land the siblings were given in their mother's will. In its second order, entered on January 30, 2020, the circuit court denied petitioner's motion to alter or amend the September 6, 2018, order. Respondent, by counsel Daniel L. McCune, filed a summary response.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties and Patricia are the children of Kathryn Janura ("decedent") who died testate on July 3, 2008. The decedent's will was admitted to probate in Hancock County, West Virginia, where her estate remains open. Petitioner is the executrix of the estate. In the second paragraph of the will, the decedent gave her property, including real estate, to her three children "equally, share

---

[1]Respondent named petitioner and Patricia as defendants in the underlying partition action. Patricia is not a party to this appeal.

1

and share alike, as per [the will's residuary clause]." The residuary clause contains the following language:

I (Kathryn Janura) want all my land to stay in the family and not be divided and sold. I want the siblings to own it equally and I want [petitioner] to have final say on any decisions or disputes. I want my home (5114 Wylie Ridge Road [in the Clay District of Hancock County, West Virginia]) to be turned into a group home or health[-]related facility and [petitioner] is to be in charge of running it. I want [petitioner] to open a corporation for the express purpose of operating this home.

. . . .

Orchard to be equally divided into three plots (approximately to the spring house) for each sibling for their homes, to be surveyed with monies from estate fund at a later time.

On December 11, 2012, respondent filed a petition in the Circuit Court of Hancock County to partition the approximately eighty-five acres of real estate devised by the decedent's will—including the land upon which the decedent's home was situated—among the siblings.[2] Respondent alleged that the will's residuary clause did not create a trust to convert the decedent's residence into a group home or health-related facility and that, in any event, operation of such a home or facility on the decedent's property would be unreasonable and impractical. On January 14, 2013, petitioner filed an answer to the petition, asserting that the residuary clause created a trust and that, while a group home or health-related facility was not currently operating on the property, "[petitioner] has spent funds on research and other activities in furtherance of the development of [such a home or facility] as directed by the [w]ill." In an order entered on August 26, 2013, the circuit court found that, after a review of the residuary clause, (1) the siblings received the decedent's real estate in equal shares, each sibling having "an undivided one-third (⅓) interest in the property"; and (2) the residuary clause did not create a trust.

On March 17, 2014, petitioner filed a motion to compel the parties to resolve their dispute through arbitration, relying on language in the residuary clause that provided "I want [petitioner] to have final say on any decisions or disputes." Respondent filed a response to the motion on March 27, 2014, asserting that the decedent's will contained no arbitration clause. By order entered on August 15, 2014, the circuit court denied the motion, finding that the residuary clause did not contain an arbitration clause.

In *Janura v. Janura* ("*Janura I*"), No. 14-0911, 2015 WL 3448181 (W. Va. May 29, 2015) (memorandum decision), petitioner appealed not only the August 15, 2014, order denying her motion to compel arbitration, but also the August 26, 2013, order finding that the residuary clause did not create a trust. In that case, we reviewed the circuit court's August 15, 2014, order under the collateral order doctrine and found that the circuit court properly denied petitioner's motion to

---

[2]Respondent filed his action pursuant to West Virginia Code §§ 37-4-1 through 37-4-9, which govern partitions of real estate.

compel arbitration.[3] We reasoned that, while the decedent wanted petitioner to be afforded substantial deference in how she interpreted the decedent's will, "the language on which petitioner relies evidences no intention by the decedent that disputes arising under the will be arbitrated." *Id.* at *3. We dismissed petitioner's appeal from the August 26, 2013, order, finding that it "did not constitute a final decision." *Id.* We noted that, as the circuit court retained plenary power to reconsider, alter, or amend non-final orders, petitioner was free to continue to argue that the residuary clause created a trust as long as her interpretation of the clause "is neither inconsistent with [its] language nor contrary to law." *Id.* at *4 n.4.

Before the circuit court, petitioner persisted in her argument that the residuary clause created a trust; however, she failed to convince the court to reconsider its previous ruling. By order entered on July 21, 2017, the circuit court appointed three special commissioners to evaluate whether the eighty-five acres could be partitioned in kind. On November 15, 2017, the commissioners reported that a partition in kind was possible where respondent could be given "a share of the subject property . . . [that] would not injure the ownership interests of [petitioner and Patricia] nor prohibit development of their parcel(s) as they desire." The commissioners noted that, pursuant to the residuary clause, the decedent wanted at least part of the real estate, "the orchard," to be "divided into three plots . . . for each sibling[.]"

After taking additional evidence at a March 9, 2018, hearing, the circuit court entered an order adopting the commissioners' report on April 17, 2018. Based on the commissioners' report, the circuit court found that the eighty-five acre tract the siblings received from the decedent "could be equitabl[y] partitioned while still providing enough land and the large house sufficient to permit [petitioner] to develop a group home or a health-related facility." The circuit court further found that Patricia was "always . . . in agreement with [petitioner's] requests" and that, after respondent is allocated his one-third share, "[n]o attempt will be made to allot the remaining two thirds between the sisters because they do not want any allotment." The circuit court stated that it was not prepared to make the actual division between the parcel of land belonging to petitioner and Patricia as co-tenants ("the residue parcel") and the parcel belonging to respondent ("respondent's parcel"), but that "the specific property lines of the court[-]ordered partition will be set forth in a further order of the court."

On May 30, 2018, petitioner filed an appeal from the circuit court's April 17, 2018, order. During the pendency of that appeal, the circuit court entered its September 6, 2018, order establishing the allotted acreage and boundary lines between the residue parcel and respondent's parcel. The circuit court found that, after partition, the residue parcel had 31.33 acres and respondent's parcel had 53.67 acres. The circuit court further found that "[t]he difference in acreage among the siblings in the court's allotment is based on the total value of the acreage to be received by each sibling and takes into account that all the buildings are located on the acreage allotted to [the residue parcel]." The circuit court attached an exhibit, prepared by a licensed

---

[3]In Syllabus Point 1 of *Credit Acceptance Corporation v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013), we held that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine."

surveyor retained by respondent, ruling that "[t]he borderline establishing the border between the two parcels of real estate allocated to the parties depicted in exhibit 'A' is accepted by the court" and that "the borderline, as marked in exhibit 'A,' is hereby ORDERED to be the dividing line between the two parcels."[4] The circuit court stayed its September 6, 2018, order "until the [West Virginia] Supreme Court of Appeals rules on [petitioner's appeal from the April 17, 2018, order.]" On September 17, 2018, petitioner filed a motion to alter or amend the September 6, 2018, order pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.

In *Janura v. Janura* ("*Janura II*"), No. 18-0495, 2019 WL 4165288 (W. Va. September 3, 2019) (memorandum decision), we dismissed petitioner's appeal from the circuit court's April 17, 2018, order, finding that it was not a final order, and remanded the case for further proceedings. *Id.* at *3-4. Following remand, by order entered on January 30, 2020, the circuit court denied petitioner's motion to alter or amend its September 6, 2018, order establishing the allotted acreage and boundary lines between the residue parcel and respondent's parcel.

Petitioner now appeals the circuit court's September 6, 2018, order and its January 30, 2020, order denying her motion to alter or amend the September 6, 2018, order. We have held that the standard of review for the denial of a motion filed under Rule 59(e) "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996).

On appeal, the parties dispute whether petitioner is attempting to raise issues in her capacity as the executrix of the decedent's estate in addition to her individual capacity. In Syllabus Point 7 of *Estate of Gomez by and through Gomez v. Smith*, __ W. Va. __, 845 S.E.2d 266 (2020), we held, in pertinent part, that the unauthorized practice of law includes "[a] non-attorney execut[rix] . . . of an estate who undertakes, with or without compensation and whether or not in connection with another activity, to prepare pleadings or legal instruments of any character on behalf of the estate for submission in judicial proceedings, or represents the interests of the estate before any judicial tribunal or office." Here, as the decedent gave her property to her children, including petitioner, petitioner clearly has a personal interest in the construction of the decedent's will. However, we address issues only to the extent that petitioner raises them in her individual capacity.

---

[4]In its September 6, 2018, order, the circuit court noted that petitioner objected to an inactive oil well and storage tanks being left on the residue parcel. Accordingly, the circuit court ordered that there would be a small parcel of land, within the larger residue parcel, where common ownership with respondent would continue until such time as the oil well and storage tanks are removed and that, until they are removed, respondent would have an easement to go over the residue parcel to conduct necessary maintenance. On appeal, petitioner does not challenge this ruling of the circuit court.

Furthermore, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." Here, we find that petitioner lists eleven assignments of error, but fails to support all but one with adequate argument.[5] Accordingly, we address only petitioner's argument that the circuit court erred in finding that the residuary clause did not create a trust that included the eighty-five acres of land that belonged to the decedent.[6]

"The paramount principle in construing or giving effect to a will is that the intention of the testator prevails[.]" Syl. Pt. 2, in part, *Estate of Fussell v. Fortney*, 229 W. Va. 622, 730 S.E.2d 405 (2012) (quoting Syl. Pt. 1, *Farmers and Merchants Bank v. Farmers and Merchants Bank*, 158 W. Va. 1012, 216 S.E.2d 769 (1975)). Petitioner argues that, in *Janura I*, we found that the language used by the decedent in the residuary clause "evidences an intention that petitioner, as executrix, be accorded substantial deference in how she interprets the decedent's will." 2015 WL 3448181, at *3. We find that petitioner's reliance on *Janura I* is misplaced. In *Janura I*, we cautioned petitioner that, while she was free to continue to argue that the residuary clause created a trust, her interpretation of the clause must not be "inconsistent with [its] language." *Id.* at *4 n.4.

---

[5]The eleven assignments of error listed are: (1) the circuit court erred in finding that the residuary clause did not create a trust that included the eighty-five acres of land that belonged to the decedent; (2) the circuit court failed to apply those provisions of Rules 1, 2, and 53 of the West Virginia Rules of Civil Procedure that are appliable to this case; (3) the circuit court ignored or disregarded petitioner's various motions; (4) the circuit court failed to follow the law; (5) the circuit court failed to identify and apply the respective rights and duties of the parties; (6) the circuit court failed to address petitioner's counterclaims; (7) the circuit court erred by permitting respondent to amend his pleadings; (8) the circuit court's orders contained factual errors not supported by the record; (9) the circuit court failed to make sufficient findings of fact and conclusions of law when denying petitioner's various motions; (10) the circuit court erred in appointing special commissioners and then adopting their report; and (11) this Court should reconsider petitioner's previously refused petitions, in which she sought extraordinary writs with regard to the underlying partition action.

[6]We note that the circuit court determined that the residuary clause did not create a trust in its August 26, 2013, order. In *Riffe v. Armstrong*, 197 W. Va. 626, 637, 477 S.E.2d 535, 546 (1996), *modified on other grounds*, *Moats v. Preston Cty. Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999), we found that, "if an appeal is taken from what is indeed the last order disposing of the last of all claims as to the last of all parties, then the appeal brings with it all prior orders."

5

"Unless the will expressly directs otherwise, the meaning of language used in a testamentary instrument is to be arrived at by considering the entire paper, and not by confining its meaning to that indicated in the single provision the construction of which is sought." Syl. Pt. 1, *Polen v. Baird*, 125 W. Va. 682, 25 S.E.2d 767 (1943). In *State ex rel. Insurance Commissioner of West Virginia v. Blue Cross and Blue Shield of West Virginia, Inc.*, 219 W. Va. 541, 547-48, 638 S.E.2d 144, 150-11 (2006), we reiterated that a trust "must be based . . . on a clear declaration of trust by its creator." (quoting Syl. Pt. 1, *Straton v. Aldridge*, 121 W.Va. 691, 6 S.E.2d 222 (1939)); *see* Syl. Pt. 4, in part, *Ball v. Ball*, 136 W. Va. 852, 69 S.E.2d 55 (1952) (holding that "[a] will, creating a testamentary trust, vest[s] the legal title to testator's real and personal property in a named trustee").

Here, petitioner argues that the residuary clause granted the decedent's real estate to petitioner as trustee for the benefit of herself and her siblings. We find that petitioner's argument is contrary to the clear language not only of the residuary clause but also of the devise of the decedent's property set forth in the second paragraph of the will. In the second paragraph, the decedent gave her property, including the real estate, to her three children "equally, share and share alike, as per [the will's residuary clause]." The residuary clause confirmed that the decedent wanted "the siblings to own [the real estate] equally." Accordingly, based on our review of the second paragraph and the residuary clause together, we find that there was no clear declaration of trust by the decedent because the devise of the real estate was not to petitioner as trustee. Rather, as the circuit court found, the decedent gave each of the three siblings an undivided one-third interest in the real estate. Therefore, we conclude that the circuit court properly found that there was no trust created.

As for the decedent's wish, expressed in the residuary clause, that her home be turned into a group home or health-related facility, the circuit court found that the eighty-five acre tract the siblings received from the decedent "could be equitabl[y] partitioned while still providing enough land and the large house sufficient to permit [petitioner] to develop [such a facility]." Based on our review of the commissioners' report and the record as a whole, we concur with the circuit court's finding. Accordingly, we conclude that the circuit court did not err in granting respondent's petition to partition the eighty-five acre tract.

For the foregoing reasons, we affirm the circuit court's September 6, 2018, order establishing the allotted acreage and boundary lines between the residue parcel and respondent's parcel and its January 30, 2020, order denying petitioner's motion to alter or amend the September 6, 2018, order.

Affirmed.

**ISSUED:** February 2, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton